PATRICIA A. THEODOREU, Respondent-Appellant, v JAMES THEODOREU, Appellant-Respondent. [639 NYS2d 831]

In interpreting a separation agreement, the court's aim is to arrive at a construction that gives fair meaning to all of the language employed by the parties *(see, Slatt v Slatt,* 64 NY2d 966; *Tantleff v Truscelli,* 110 AD2d 240, 244, *affd* 69 NY2d 769; *Kuscsik v Kuscsik,* 154 AD2d 655). Here, the parties' agreement, which was incorporated but not merged into the judgment of divorce, provided, *inter alia,* "basic" and "additional

maintenance", and that a change in custody would not be deemed a reason for reduction of the "additional" maintenance payments to be made to the former wife. The agreement also provided that additional maintenance shall terminate upon emancipation of the children, and excluded "emancipation" as caused by a change in custody as a ground for reduction of additional maintenance.

The court, in examining the language of the separation agreement as well as its implications in determining the parties' intent *(see, Matter of Benny v Benny,* 199 AD2d 384), improperly found that, upon the awarding of physical and residential custody to the former husband by the Family Court, there was an emancipation of the children, thereby triggering a termination of "additional" maintenance. We find that the language of the separation agreement expressly provides that no such termination occurs under these circumstances.

The former husband's argument that he should have been relieved of his obligation to make support payments during the period in March and April of 1993 when he was recuperating from several broken ribs is without merit, insofar as he failed to seek appropriate relief by application to the court for a modification (Domestic Relations Law § 236 [B] [9] [b]), and instead resorted to self help.

The court properly found that the former husband remained responsible for the payment of child support to the wife until August 17, 1993, at which time he obtained residential and physical custody of the children pursuant to the Family Court order.

The award by the court of counsel fees to the former wife was not an improvident exercise of its discretion *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *O'Brien v O'Brien,* 66 NY2d 576, 590).

The former husband's remaining contentions are without merit. Miller, J. P., Thompson, Joy and Goldstein, JJ., concur.