■ VERONICA E. BEMIS, Respondent, v MATTHEW BEMIS, Appellant. [758 NYS2d 218] —Mercure, J. Appeal from a judgment of the Supreme Court (Kramer, J.) ordering, inter alia,

child support and maintenance, entered February 7, 2002 in Schenectady County, upon a decision of the court.

In January 2001, plaintiff filed for divorce after approximately 2½ years of marriage. The parties resolved certain issues by stipulation and proceeded to trial with respect to counsel fees, insurance, child support for the parties' two young children and maintenance. As relevant here, Supreme Court awarded plaintiff maintenance in the amount of $75 per week for a period of one year, $82 per week in child support, $144 per week toward day care costs and directed defendant to pay 64% of all of the children's medical expenses not covered by insurance. Defendant now appeals.

Initially, we reject defendant's contention that Supreme Court erred in ordering him to pay maintenance for a one-year period. In ordering the maintenance, Supreme Court considered the age and health of the parties, relative brevity of the marriage, the parties' modest predivorce lifestyle, that plaintiff was working only part time while she completed a nursing program, and the disparity in the parties' incomes (*see* Domestic Relations Law § 236 [B] [6] [a]). Given the disparity in the parties' resources and needs, as well as the short-term nature of the award, we perceive no abuse of discretion in Supreme Court's award of maintenance (*see Wojewodzic v Wojewodzic,* 300 AD2d 985, 986 [2002]; *Moschetti v Moschetti,* 277 AD2d 838, 838-839 [2000]).

We agree with defendant, however, that Supreme Court improperly imposed a child support obligation upon him that reduced his income below the poverty level (*see* Domestic Relations Law § 240 [1-b] [d]). The applicable self-support reserve was $11,596.50 or approximately $223 per week—that is, 135% of the 2001 federal poverty income guideline of $8,590 or approximately $165 per week (*see* Domestic Relations Law § 240 [1-b] [b] [6]; 66 Fed Reg 10695 [2001]). In determining defendant's income, Supreme Court used defendant's $22,360 salary as a base and then correctly deducted both FICA and maintenance (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C], [H]; *see also Frankel v Frankel,* 287 AD2d 686, 686 [2001]; *cf. Matter of Baker v Baker,* 291 AD2d 751, 753-754 [2002]), leaving defendant with income of $17,047.81 annually, or approximately $328 weekly, for purposes of calculating his child support obligation. The court then imposed a "basic child support obligation," which includes day care and health care expenses not covered by insurance (*see* Domestic Relations Law § 240 [1-b] [b] [1]; [c] [4], [5]), of $226 per week plus 64% of uncovered health care costs. Subtraction of this support

obligation from defendant's income leaves him with a maximum of $102 per week, which is $121 less than the self-support reserve and $44 less than the poverty income guideline. Accordingly, defendant's child support obligation should be the difference between his income and the self-support reserve (see Domestic Relations Law § 240 [1-b] [d]; *Matter of Cary v Megerell,* 219 AD2d 334, 336-337 [1996], *lv dismissed* 88 NY2d 1065 [1996]). Using the income figure determined by Supreme Court, defendant's weekly support obligation, including day care and health care expenses not covered by insurance, should be no more than $105 ($223 subtracted from $328) while he is required to pay maintenance.

We observe, however, that defendant testified that he has been living with his parents essentially rent free. "Income" for purposes of calculating child support includes "money, goods, or services provided by relatives and friends" (Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]). Defendant's lodging is thus a "service" provided by his parents (see 3 Lansner & Reichler, New York Civil Practice: Matrimonial Actions § 43.05 [3] [c]). Moreover, there was testimony at trial suggesting that plaintiff may be receiving services from friends or relatives. Accordingly, we remit this matter for recalculation of the parties' incomes and respective child support obligations, including a consideration of those resources available to plaintiff and defendant beyond their salaries as Supreme Court, in its discretion, determines appropriate (see Domestic Relations Law § 240 [1-b] [b] [5] [iv]). We have considered the parties' remaining arguments and find them to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as set forth defendant's child support, day care and health care obligations, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.