■ In the Matter of SANDRA C. FISCHER-HOLLAND, Appellant, v HAROLD B. WALKER, Respondent. [784 NYS2d 890]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Rockland County (Warren, J.), dated January 14, 2003, which granted the father's motion for an award of an attorney's fee, and (2) an order of the same court, dated February 4, 2003, which, after a hearing, awarded the father an attorney's fee in the sum of $27,460.

Ordered that the orders are reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is denied without prejudice to renewal upon compliance with the provisions of 22 NYCRR 202.16 (k).

The father's motion for an award of an attorney's fee pursuant to Domestic Relations Law § 237 did not include the required statement of net worth (see 22 NYCRR 202.16 [k] [2]). Under these circumstances, the Family Court improvidently exercised its discretion in granting the motion (see *Cole v Cole,* 283 AD2d 602 [2001]; *George v George,* 192 AD2d 693, 694 [1993]; *Lazich v Lazich,* 189 AD2d 750, 752 [1993]; *Koch v Koch,* 134 AD2d 574 [1987]). The proper course would have been for the Family Court to decline to hear the motion (see 22 NYCRR 202.16 [k] [2]), or to deny it without prejudice to renewal upon compliance with the applicable requirements (see 22 NYCRR 202.16 [k] [5] [ii]).

In light of our determination, we do not reach the mother's remaining contentions. Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.