■ In the Matter of ADRIAN FIXMAN, Appellant, v MELVIN FIXMAN, Respondent. [819 NYS2d 770]—

In a child support proceeding pursuant to the Uniform Interstate Family Support Act (Family Court Act art 5-B), the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated July 1, 2005, as, in effect, denied her objection to so much of an order of the same court (Blaustein, S.M.) dated December 30, 2004, as failed to award her child support arrears allegedly due pursuant to a pendente lite order of the Supreme Court, Nassau County, dated August 30, 1994.

Ordered that the order is affirmed insofar as appealed from, with costs.

The mother contends that the Family Court erred in determining that she was not entitled to child support arrears which were allegedly due and owing pursuant to a pendente lite order of the Supreme Court, Nassau County, dated August 30, 1994, because the parties' New York matrimonial action was dismissed with prejudice in 2002. We agree that the dismissal of the New York matrimonial action did not preclude the mother from seeking any arrears which may have accrued while the pendente lite order remained in effect, and that she could enforce the father's support obligation by seeking leave to enter a money judgment (*see Mesholam v Mesholam,* 25 AD3d 670 [2006]; *Fotiadis v Fotiadis,* 18 AD3d 699 [2005]; *Matter of Dyandria M. v Gerard M.,* 278 AD2d 37 [2000]; *Cawthon v Cawthon,* 276 AD2d 661, 662 [2000]; *King v King,* 230 AD2d 775, 776 [1996]; *Walis v Walis,* 192 AD2d 598 [1993]; *Patricia Lynn N. v Vincent Michael N.,* 152 AD2d 547 [1989]). However, Domestic Relations Law

§ 244 requires that a money judgment for support arrears be made "[u]pon application [to] the court," and here the support petition filed pursuant to the Uniform Interstate Family Support Act did not seek support arrears. Under these circumstances, the issue of whether arrears were due and owing pursuant to the pendente lite order was not properly before the Family Court. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.