■ Pam Zelenz, Also Known as Pamela Powers January, Appellant, v Mark Zelenz, Respondent. [842 NYS2d 80]—In a matrimonial action in which the parties were divorced by judgment dated October 4, 2002, the plaintiff appeals from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered April 27, 2006, which, inter alia, denied those branches of her motion which were to enforce certain provisions of the parties' stipulation of settlement, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties herein were divorced by judgment dated October 4, 2002. Pursuant to paragraph 9 of a stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the defendant was required to maintain medical and dental insurance, if available, through his employer, for the parties' child, or through a private policy of insurance, until the child was emancipated. Similarly, pursuant to the terms of the same paragraph, the defendant was required to provide life insurance for the benefit of the child, if available, from his employer, and to obtain a private policy of life insurance in the amount of $200,000 for the benefit of the child until the child's emancipation. Contrary to the plaintiff's arguments, upon

review of the record, we find that the plaintiff failed to satisfy her burden to establish that the defendant did not comply with the terms of the stipulation of settlement.

Furthermore, insofar as the plaintiff failed to demonstrate the existence of a justiciable controversy, the Supreme Court providently exercised its discretion in denying her request for a declaratory judgment (*see Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]; *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 530-531 [1977]).

Moreover, in the absence of compliance with the rules set forth in 22 NYCRR part 1400, pertaining to an attorney's fee in matrimonial actions, the Supreme Court properly denied the plaintiff's request for such an award (*see Sherman v Sherman*, 34 AD3d 670 [2006]; *Wagman v Wagman*, 8 AD3d 263 [2004]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.