■ ALLISON CIMINELLO, Respondent, v ANTHONY CIMINELLO, Appellant. [850 NYS2d 482]—

In a matrimonial action in which the parties were divorced by judgment dated September 30, 2005, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated May 4, 2007, as denied that branch of his motion which was for leave to enter a money judgment against the plaintiff for the loss of equity resulting from the sale of the marital residence by a bankruptcy trustee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Domestic Relations Law § 244 provides for the entry of a money judgment for arrears in child support or other payments that a defaulting spouse was directed to make in a judgment of divorce or other order in a matrimonial action (*see Matter of Fixman v Fixman*, 31 AD3d 637 [2006]; *Felton v Felton*, 175 AD2d 794, 795 [1991]; *Miller v Miller*, 160 AD2d 912, 913 [1990]). The defendant did not establish that there was an actual loss of equity due to the sale of the marital residence by the bankruptcy trustee, which would warrant the entry of a money judgment, since the judgment of divorce provided that the division of any equity would not take place until the emancipation of the parties' youngest child, who was only 12 years old at the time of the defendant's motion. Accordingly, the court properly denied that branch of the defendant's motion which was for leave to enter a money judgment against the plaintiff. Crane, J.P., Miller, Dillon and Balkin, JJ., concur.