■ ALBA GARCIA, Respondent, v ISRAEL GARCIA, Appellant. [961 NYS2d 517]—

In a matrimonial action in which the parties were divorced by judgment dated May 19, 2008, the defendant appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated August 1, 2011, which denied, without prejudice, his motion for a downward modification or suspension of his maintenance obligation set forth in a stipulation of settlement dated October 2, 2007, which was incorporated but not merged into the judgment of divorce, and granted the plaintiff's cross motion for leave to enter a money judgment against him in the principal sum of $32,599.04, representing arrears in maintenance and health insurance payments, and for an award of an attorney's fee in the sum of $6,545.

Ordered that the order is affirmed, with costs.

A party seeking to modify a maintenance award must include, in his or her moving papers, a sworn statement of net worth (*see* 22 NYCRR 202.16 [k] [2]). The proper course where a party fails to include the required statement of net worth is "to decline to hear the motion . . . or to deny it without prejudice to renewal upon compliance with the applicable requirements" (*Matter of Fischer-Holland v Walker*, 12 AD3d 671, 672 [2004]; *see* 22 NYCRR 202.16 [k] [2], [5] [ii]). Contrary to the defendant's contention, there was no language in the stipulation of settlement exempting the parties from that requirement. As the defendant failed to provide a statement of net worth in support of his motion for a downward modification of his maintenance obligation pursuant to the stipulation, the Supreme Court providently exercised its discretion in denying the motion without a hearing (*see* 22 NYCRR 202.16 [k] [2], [5] [ii]; *cf. Bertone v Bertone*, 15 AD3d 326 [2005]; *Matter of Fischer-Holland v Walker*, 12 AD3d at 672).

The defendant does not dispute the amount of arrears allegedly owed, but argues only that he cannot afford to pay that

amount or, indeed, any amount. However, instead of seeking to modify the maintenance obligation when his employment was terminated in January 2010, the defendant waited until March 1, 2011, to file his motion for a downward modification. Since, during the period from the termination of the defendant's employment until his filing of the deficient motion, the defendant improperly resorted to the "self-help" measure of unilaterally ceasing payment of maintenance and health insurance costs, the Supreme Court properly determined that the plaintiff was entitled to arrears in the principal sum of $32,599.04 for the period from March 1, 2009, until the filing of the cross motion on April 21, 2011 (see Pollack v Pollack, 3 AD3d 482, 483-484 [2004]; Matter of Gleason v Gleason, 247 AD2d 384, 385 [1998]; Theodoreu v Theodoreu, 225 AD2d 686, 687 [1996]).

The Supreme Court also properly granted that branch of the plaintiff's cross motion which was for an award of an attorney's fee, as the plaintiff was entitled to such an award pursuant to the default provision in the parties' stipulation of settlement (see Martin v Martin, 92 AD3d 646 [2012]; Szekely v Szekely, 73 AD3d 1158, 1159 [2010]; Rawlings v Rawlings, 50 AD3d 998, 999 [2008]; Sieratzki v Sieratzki, 8 AD3d 552, 554 [2004]). Moreover, contrary to the defendant's contention, the plaintiff was not required to provide proof regarding the parties' relative financial circumstances, as the stipulation of settlement entitled her to attorney's fees, "without regard to the willfulness of the defaulting party or the means of the nondefaulting party" (Matter of Milark v Meigher, 56 AD3d 1018, 1021 [2008]).

The defendant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.