■ Erin Marie Lubrano, Respondent, v Vincent Lubrano, Appellant. [995 NYS2d 741]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Quinn, J.), entered December 5, 2012, which, upon a decision of the same court dated October 5, 2012, made after a nonjury trial, inter alia, awarded the plaintiff weekly maintenance in the sum of $150 from October 1, 2012, through September 30, 2013, maintenance arrears in the sum of $9,750, the sum of $8,000, representing one half of a debt consolidation loan, and the sum of $38,000 toward the plaintiff's counsel fees.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff the sum of $8,000, representing one half of a debt consolidation loan; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

When determining a maintenance obligation, "[w]here a party's account of his or her finances is not believable, the court may impute a true or potential income higher than that al-

leged" (*DiPalma v DiPalma*, 112 AD3d 663, 664 [2013]; *see Kessler v Kessler*, 118 AD3d 946 [2014]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant based on circumstances including his failure to account for income that he received from rental property (*see Turco v Turco*, 117 AD3d 719, 722 [2014]; *DiPalma v DiPalma*, 112 AD3d at 664; *Scammacca v Scammacca*, 15 AD3d 382 [2005]; *Parise v Parise*, 13 AD3d 504, 505 [2004]).

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]; *Griggs v Griggs*, 44 AD3d 710, 711 [2007]). In view of the relevant factors, including the income of the parties, the present and future earning capacity of the parties, and the parties' pre-separation standard of living, the Supreme Court providently exercised its discretion in awarding the plaintiff weekly maintenance in the sum of $150 from October 1, 2012, through September 30, 2013 (*see* Domestic Relations Law § 236 [B] [6] [a]; *Scarlett v Scarlett*, 35 AD3d 710, 711 [2006]; *Hale v Hale*, 16 AD3d 231, 234-235 [2005]; *Palumbo v Palumbo*, 10 AD3d 680, 681 [2004]).

In addition, the Supreme Court properly determined that the defendant owed maintenance arrears in the sum of $9,750. The defendant's contention that he should be relieved of this obligation is without merit, as he failed to seek appropriate relief and, instead, resorted to self-help (*see* Domestic Relations Law § 236 [B] [9] [b]; *Theodoreu v Theodoreu*, 225 AD2d 686, 687 [1996]; *cf. Garcia v Garcia*, 104 AD3d 806, 807 [2013]).

In light of factors such as the disparity in income between the parties, the relative merits of the parties' positions, and the defendant's conduct which delayed the proceedings, the Supreme Court properly directed the defendant to pay a portion of the plaintiff's counsel fee (*see* Domestic Relations Law § 237 [a]; *Levine v Levine*, 24 AD3d 625, 626 [2005]).

The Supreme Court properly determined that the plaintiff is entitled to an award in the sum of $55,000, representing her equitable share of the appreciated value of the marital residence (see Domestic Relations Law § 236 [B] [1] [d] [3]; *Scher v Scher*, 91 AD3d 842, 845 [2012]; *Mongelli v Mongelli*, 68 AD3d 1070, 1072 [2009]).

The Supreme Court, however, improperly treated the plaintiff's debt consolidation loan as marital debt. The plaintiff failed to provide documentary evidence demonstrating that the debt consolidation loan was indeed marital debt (*see Milnes v Milnes*,

50 AD3d 750, 751 [2008]; *Opperisano v Opperisano*, 35 AD3d 686, 688 [2006]; *Lopez v Saldana*, 309 AD2d 655, 656 [2003]).

The defendant's remaining contention is without merit. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.