■ Bradley P. Lowe, Appellant-Respondent, v Sandra L Lowe, Respondent-Appellant. [998 NYS2d 252]—

Clark, J. Cross appeals from a judgment of the Supreme Court (Rumsey, J.), entered December 5, 2013 in Tompkins County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 2005 and have no children together. In February 2012, the husband commenced this action for divorce. The parties stipulated to the grounds for divorce and the division of some marital assets, but proceeded to a nonjury trial on the issues of equitable distribution, maintenance and counsel fees. Thereafter, Supreme Court granted the husband an absolute divorce dissolving the marriage and

---

ordered the distribution of the marital property, including several bank and investment accounts and the marital residence. The court also ordered that the husband pay the wife $23,000 in counsel fees, as well as $3,000 per month in spousal maintenance for approximately $2^{1/2}$ years. The husband now appeals from so much of the judgment as awarded equitable distribution, maintenance and counsel fees, and the wife cross-appeals.

Beginning with the husband's claims of error with respect to equitable distribution, Supreme Court's first task was to determine whether assets were separate property belonging only to one spouse, or whether the assets were marital property (*see* Domestic Relations Law § 236 [B] [1] [c], [d]). Notably, the appreciation in value of separate property during the marriage may be subject to equitable distribution as marital property where the nontitled spouse bears his or her burden of establishing that "such appreciation is due in part to [his or her] contributions or efforts" (Domestic Relations Law § 236 [B] [1] [d] [3]; *see Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *Jones v Jones*, 92 AD3d 845, 847 [2012], *lv denied* 19 NY3d 805 [2012]; *Bernholc v Bornstein*, 72 AD3d 625, 628 [2010]). Supreme Court found the appreciation of the marital residence, the husband's Ameriprise investment portfolio and his IBM pension and savings plans to be marital property. The husband now claims error arguing that three of the six investment accounts making up his portfolio should have been deemed separate property immune to equitable distribution.

The record reflects that, prior to the parties' marriage, the husband had an investment portfolio that contained two annuities, a life insurance policy, a Roth individual retirement account (hereinafter IRA), an IRA rolled over from a former employer and a money market account. The husband testified that he made no contributions to either annuity during the marriage, nor to the IRA. However, he further explained that he paid his life insurance premium, invested in his IRA and made withdrawals from and deposits into his money market account which was jointly held by the wife, all during the course of his marriage. To this end, the parties agreed that accounts within the portfolio were funded by money from their joint checking account, and the portfolio as a whole was managed by the same investment broker. The parties further agree that the Ameriprise portfolio increased in value over the course of the marriage by $95,983; however, on appeal, the husband now argues that approximately $65,000 of this increase in value is in fact separate property.

We find no error in the determination that the increase in

value of the entire Ameriprise portfolio during the course of the marriage was marital property inasmuch as it was well within Supreme Court's sound discretion to credit the testimony that marital money was used to fund the portfolio as a whole without delineating each of its parts. This seems especially so in light of the fact that the husband identified the entire portfolio as one asset in his pretrial submission to the court proposing disposition. Moreover, although the record contains statements from the three accounts in question, there is nothing in these documents to indicate that any contributions were or were not made during the marriage. Thus, the husband failed to rebut the presumption—beyond his own disputed testimony—that "this once separate asset became marital property" subject to equitable distribution (*Cassara v Cassara*, 1 AD3d 817, 819 [2003]; cf. *Chernoff v Chernoff*, 31 AD3d 900, 903 [2006]).

Upon determining that a given asset constitutes marital property, a court must then equitably distribute its value between the parties, considering "a variety of factors including, among others, 'the income and property of each party at the time of marriage, and at the time of the commencement of the action; . . . the loss of health insurance benefits upon dissolution of the marriage; . . . any award of maintenance . . . ; . . . the probable future financial circumstances of each party; [and] the wasteful dissipation of assets by either spouse' " (*Roberto v Roberto*, 90 AD3d 1373, 1375 [2011], quoting Domestic Relations Law § 236 [B] [5] [d]). "Trial courts are accorded substantial deference in determining what distribution of marital property is equitable" (*Altieri v Altieri*, 35 AD3d 1093, 1094-1095 [2006] [citations omitted]; accord *Cornish v Eraca-Cornish*, 107 AD3d 1322, 1322 [2013]). Here, both parties agree that the challenges on appeal relate to various assets that are properly characterized as the husband's separate property that appreciated over the course of the parties' marriage, but the husband maintains that Supreme Court's judgment should be modified to reduce the amount of the wife's award of the appreciation in value of those assets from 50% to 20%.

We disagree. It is apparent that, in making its determination, Supreme Court properly considered the appropriate statutory factors and applied them to the available evidence. Specifically, the record illustrates that, at the time of the parties' marriage, the wife earned approximately $37,000 annually. At the conclusion of their six-year marriage, however, the husband was in good health and was earning approximately $110,000 annually, while the wife was unemployed and collecting $14,688 each year from Social Security disability after having been diagnosed with

fibromyalgia, migraines, depression and anxiety. The wife testified that, at the time of trial, she had insurance through the husband and had learned that COBRA would cost approximately $500 per month or that, alternatively, medical insurance through Social Security would cost approximately $400 to $500 each month. Supreme Court also considered its order requiring the husband to pay the wife $3,000 in spousal maintenance monthly until July 2016 and reduced the wife's equitable distribution award by $15,955 based on her alleged wasteful dissipation of marital property. Thus, according appropriate deference to Supreme Court's credibility assessments and its substantial discretion in fashioning an award, we find the 50% distribution of the increase in value of the marital residence ($43,068), the entire Ameriprise portfolio ($95,983), and the husband's IBM 401(k) savings plan ($225,000) to be well supported by the evidence (see *Vertucci v Vertucci*, 103 AD3d 999, 1000-1001 [2013]; *Holmes v Holmes*, 25 AD3d 931, 934 [2006]). The court also purported to allocate 50% of the increase in value in the husband's IBM pension plan during the course of the marriage to each party, by allocating the wife 50% of $14,702.76. However, to the extent that it was undisputed that the marital portion of the pension plan was between $29,350 and $29,405.51, we agree with the wife that Supreme Court made a mathematical error when calculating her award and the wife should properly be awarded the entire $14,702.76.

We also agree with the wife that Supreme Court erred in failing to award her any portion of the IBM stock purchased by the husband during the course of the marriage. Specifically, the record reveals that during the course of the marriage, the husband purchased stock through payroll deductions and also sold stock to buy a vehicle, reinvest and pay bills. The husband explained that, at the commencement of the marriage, he owned approximately 196 shares of stock and that, during the course of the marriage, he purchased 283 shares and sold 399 shares, always selling the oldest shares first. Therefore, at the time of commencement of this action, the husband owned a net of 80 shares of stock purchased during the marriage worth $193.64 per share resulting in marital property valued at $15,647.66. Accordingly, the wife also should have been awarded $7,823.83 representing her 50% equitable share of this marital asset.

To the extent that the wife argues that Supreme Court erred in finding that she wastefully dissipated marital assets, we find that this argument is unavailing. It is undisputed that, during the course of the marriage, the wife developed a shopping problem and, despite the husband's effort to stop her, bought

over $30,000 worth of items from television shopping channels. Thus, we find no abuse of Supreme Court's considerable discretion in reducing the wife's award by one half of the amount dissipated, or $15,955 (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Burnett v Burnett*, 101 AD3d 1417, 1419 [2012]; *Noble v Noble*, 78 AD3d 1386, 1387-1388 [2010]).

Next, we find that the requisite statutory factors were considered by Supreme Court regarding maintenance and, contrary to the husband's contentions, the award of $3,000 per month for a period of 30 months was well within the court's discretion (*see* Domestic Relations Law § 236 [B] [6] [a]; *Bemis v Bemis*, 305 AD2d 739, 740 [2003]). Specifically, based upon the disparity in the parties' resources and needs, as well as the predivorce standard of living and relatively short-term nature of the award, we perceive no basis upon which to disturb Supreme Court's award of maintenance. Nor do we discern any abuse of the court's considerable discretion in the counsel fee award to the wife in view of, among other things, the disparity in the parties' earning abilities and the extent of the legal services provided (*see Schwalb v Schwalb*, 50 AD3d 1206, 1210-1211 [2008]; *Howard v Howard*, 45 AD3d 944, 945-946 [2007]).

The parties' remaining contentions have been considered and are unavailing.

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as (1) awarded defendant 50% of the $14,702.76 appreciation of plaintiff's IBM pension plan and (2) failed to award defendant any portion of the IBM stock purchased by plaintiff during the marriage; award defendant $14,702.76, representing 50% of the increase in plaintiff's IBM pension plan, and $7,823.83, representing 50% of the value of plaintiff's IBM stock purchased during the marriage; and, as so modified, affirmed.