■ DAVID TOWNES, Appellant, v PRISCILLA COKER, Respondent. (Action No. 1.) PRISCILLA COKER, Respondent, v DAVID TOWNES, Appellant. (Action No. 2.) [21 NYS3d 314]—

Appeals from (1) an order of the Supreme Court, Nassau County (Schwartz Zimmerman, J.), dated September 9, 2013, and (2) an order of that court dated February 18, 2014. The order dated September 9, 2013, denied the former husband's motion to enforce a provision of the parties' postnuptial agreement and granted the former wife's motion to hold the former husband in contempt of court and for an award of counsel fees. The order dated February 18, 2014, upon granting the former husband's motion for leave to reargue, adhered to the court's original determination in the order dated September 9, 2013.

Ordered that the appeal from the order dated September 9, 2013, is dismissed, as that order was superseded by the order dated February 18, 2014, made upon reargument; and it is further,

Ordered that the order dated February 18, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the former wife.

In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate by clear and convincing evidence that the party charged violated a clear and unequivocal order, thereby prejudicing a right of another party to the litigation (*see El-Dehdan v El-Dehdan*, 114 AD3d 4, 16-17 [2013], *affd* 26 NY3d 19 [2015]). In this case, the Supreme

Court properly determined that the former husband was in contempt of court for violating the parties' postnuptial agreement, which had been incorporated, but not merged, into the parties' judgment of divorce. While the former wife did not demonstrate that she exhausted all her alternative remedies before moving to hold the former husband in contempt (*see* Domestic Relations Law § 245), where, as here, the record demonstrates that the alternative remedies would be ineffectual, such remedies need not be exhausted (*see Rosenblitt v Rosenblitt*, 121 AD2d 375 [1986]).

The Supreme Court also was correct in determining that the former husband failed to prove that the former wife violated a clause contained within the parties' postnuptial agreement (*see Zelenz v Zelenz*, 43 AD3d 1157 [2007]; *Salas v Salas*, 128 AD2d 849 [1987]; *Gilbert v Gilbert*, 54 AD2d 752 [1976]). Further, the Supreme Court was correct in directing the former husband to pay the former wife counsel fees. The former wife, as the prevailing party, was entitled to such an award of counsel fees pursuant to the parties' postnuptial agreement.

The former husband's remaining contentions are without merit. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.