■ DEBORAH BARTON, Respondent, v LAWRENCE BARTON, Appellant. [27 NYS3d 572]—

Appeals from (1) an order of the Supreme Court, Westchester County (Janet C. Malone, J.), entered July 16, 2014, and (2) an amended order of that court entered July 22, 2014. The amended order, insofar as appealed from, granted that branch of the plaintiff's motion which was to hold the defendant in contempt for failure to comply with the parties' settlement agreement dated April 2, 2010, and denied those branches of the defendant's cross motion which were for a downward modification of his maintenance obligations and for an award of child support.

Ordered that the appeal from the order entered July 16, 2014, is dismissed, as that order was superseded by the amended order entered July 22, 2014; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married in 1987, and they separated in 2006. On April 2, 2010, they entered into a settlement agreement to resolve, inter alia, the issues of maintenance, child support, and equitable distribution. The settlement agreement was incorporated, but not merged, into the parties' judgment of divorce. Pursuant to the agreement, the defendant agreed to make certain payments to the plaintiff. He failed to do so, and the plaintiff moved, inter alia, to hold the defendant in contempt. The defendant cross-moved, among other things, for a downward modification of his maintenance obligations and for an award of child support. The Supreme Court, inter alia, granted the subject branch of the plaintiff's motion, and denied the subject branches of the defendant's cross motion. The defendant appeals.

A party seeking to modify a maintenance or child support award must include, in his or her moving papers, a sworn statement of net worth (see 22 NYCRR 202.16 [k] [2]). "The proper course where a party fails to include the required statement of net worth is 'to decline to hear the motion . . . or to deny it without prejudice to renewal upon compliance with the applicable requirements' " (Garcia v Garcia, 104 AD3d 806, 806 [2013], quoting Matter of Fischer-Holland v Walker, 12 AD3d 671, 672 [2004]; see 22 NYCRR 202.16 [k] [2], [5] [ii]). As the defendant failed to provide a statement of net worth in support of those branches of his cross motion which were for a downward modification of his maintenance obligation and for an award of child support, the Supreme Court providently exercised its discretion in denying those branches of the cross

motion without a hearing (*see* 22 NYCRR 202.16 [k] [2], [5] [ii]; *Garcia v Garcia*, 104 AD3d at 806; *cf. Bertone v Bertone*, 15 AD3d 326 [2005]; *Matter of Fischer-Holland v Walker*, 12 AD3d at 672).

Contrary to the defendant's contentions, the Supreme Court properly determined, without conducting a hearing, that the defendant knowingly failed to comply with certain provisions of the parties' settlement agreement, which required him to pay maintenance in the sum of $48,000 for the period November 2013 through April 2014, and equitable distribution in the sum of $43,750 on April 2, 2014, resulting in prejudice to the plaintiff (*see* Judiciary Law § 753 [A] [3]; *El-Dehdan v El-Dehdan*, 26 NY3d 19, 34-35 [2015]; *Townes v Coker*, 134 AD3d 805 [2015]). Accordingly, the court properly granted that branch of the plaintiff's motion which was to hold him in contempt. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.