■ CHRISTINE L. ROSNER, Respondent, v NORMAN M. ROSNER, Appellant. (Matter No. 1.) In the Matter of NORMAN M. ROSNER, Appellant, v CHRISTINE L. ROSNER, Respondent. (Matter No. 2.) [39 NYS3d 250]—Appeal by Norman M. Rosner from an order of the Supreme Court, Westchester County (Jane C. Malone, J.), entered October 3, 2014. The order granted that branch of the motion of Christine L. Rosner which was for an award of attorney's fees.

Ordered that the order is affirmed, with costs.

The parties were divorced by a judgment of divorce dated October 15, 2010. In the divorce action, Christine L. Rosner (hereinafter the plaintiff) moved for various postjudgment relief, and for an award of attorney's fees. Norman M. Rosner (hereinafter the defendant) commenced a Family Court proceeding which was thereafter consolidated with the divorce action. The postjudgment relief requested by the plaintiff was granted after a hearing in an order dated June 26, 2014, but the Supreme Court reserved decision on the issue of whether the plaintiff was entitled to an award of attorney's fees. In the order appealed from, the court granted that branch of the plaintiff's motion which was for an award of attorney's fees. The defendant appeals.

At the conclusion of the hearing, the plaintiff's counsel requested permission to submit an affirmation in connection with the plaintiff's request for an award of attorney's fees. The Supreme Court asked the defendant if he wished to submit a posttrial memorandum, and he said that he had nothing else to offer. He did not request a hearing on the issue of an award of attorney's fees, and did not object to the resolution of the issue based on written submissions. Thus, he waived the right to a hearing on that issue (*see Mollah v Mollah*, 136 AD3d 992, 993 [2016]; *Delijani v Delijani*, 100 AD3d 951, 952 [2012]). The court properly granted that branch of the plaintiff's motion which was for an award of attorney's fees, inasmuch as the plaintiff was entitled to reimbursement for attorney's fees pursuant to the default provision in the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce (*see Garcia v Garcia*, 104 AD3d 806, 807 [2013]; *Martin v Martin*, 92 AD3d 646 [2012]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.