■ NANCY SANSONE, Respondent, v JOSEPH TREVOR SANSONE, Appellant. [41 NYS3d 532]—

Appeal by the defendant from a judgment of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 19, 2014. The judgment, insofar as appealed from, upon a decision of that court dated April 7, 2014, inter alia, directed the defendant to pay the plaintiff maintenance in the sum of $6,000 per month until the plaintiff reaches the age of 59½ and thereafter, to pay the plaintiff maintenance in the sum of $4,000 per month until the plaintiff reaches the age of 67 or such age that she would qualify for full Social Security benefits, retroactive to May 1, 2014, and directed him to pay the sum of $30,000 in attorney's fees.

Ordered that the judgment is modified, on the facts and in

the exercise of discretion, by deleting the provision thereof directing the defendant to pay the plaintiff maintenance in the sum of $6,000 per month until the plaintiff reaches the age of 59½ and thereafter, to pay the plaintiff maintenance in the sum of $4,000 per month until the plaintiff reaches the age of 67 or such age that she would qualify for full Social Security benefits, and substituting therefor a provision directing the defendant to pay the plaintiff maintenance in the sum of $6,000 per month for a period of six years, to be followed by maintenance in the sum of $4,000 per month until the plaintiff reaches the age of 62, or such age that she would first qualify for Social Security benefits; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (*Brody v Brody*, 137 AD3d 830, 831 [2016]; *see Grumet v Grumet*, 37 AD3d 534, 535 [2007]). "The factors to be considered in a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (*Gordon v Gordon*, 113 AD3d 654, 654-655 [2014]; *see* former Domestic Relations Law § 236 [B] [6] [a]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]).

Here, the parties were married for approximately 11 years before the action for divorce was commenced. During the proceeding, the Supreme Court awarded the plaintiff pendente lite maintenance in the sum of $7,700 per month, retroactive to August 2, 2012. This amount remained in effect until April 30, 2014, after which date the Supreme Court directed the defendant to pay the plaintiff maintenance in the sum of $6,000 per month until the plaintiff reaches the age of 59½, at which age she could access deferred tax funds without penalty, and thereafter, to pay the plaintiff maintenance in the sum of $4,000 per month until the plaintiff reaches the age of 67 or such age that she would qualify for full Social Security benefits. Even taking into account the plaintiff's limited work history

and documented health issues, including a diagnosis of multiple sclerosis that predates the marriage, the Supreme Court's maintenance award directing the defendant to pay gradually reduced maintenance over a 22-year period was excessive. Notably, in the years immediately prior to and during the divorce proceedings, the plaintiff worked part-time as a bank teller, had taken a course in medical billing, and worked as a volunteer part-time intern in the medical billing department of a not-for-profit health organization. Under the circumstances of this case, taking into account, inter alia, the parties' standard of living and the plaintiff's health and work history, it is more appropriate to award maintenance in the sum of $6,000 per month over a six-year period, to be followed by maintenance in the sum of $4,000 per month until she reaches the age of 62 or such age that she would first qualify for Social Security benefits (*see Turco v Turco*, 117 AD3d 719, 722-723 [2014]; *Herzog v Herzog*, 18 AD3d 707, 709 [2005]; *Graves v Graves*, 307 AD2d 1022, 1024 [2003]; *Love v Love*, 250 AD2d 739, 740 [1998]).

In light of factors such as the disparity in income between the parties and the defendant's conduct which, among other things, delayed the proceedings, the Supreme Court properly directed the defendant to pay the plaintiff the sum of $30,000 in attorney's fees (*see* Domestic Relations Law § 237; *Lubrano v Lubrano*, 122 AD3d 807, 808 [2014]; *Cohen v Cohen*, 73 AD3d 832, 834 [2010]; *Prichep v Prichep*, 52 AD3d 61, 62 [2008]; *McCully v McCully*, 306 AD2d 329, 330 [2003]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *Tayar v Tayar*, 250 AD2d 757 [1998]; *see also O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]). Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.