Mage v Mage (2019 NY Slip Op 05973)





Mage v Mage


2019 NY Slip Op 05973


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-03943
 (Index No. 201577/12)

[*1]Christine Mage, respondent, 
v
Joseph Mage, appellant.


Harriette M. Steinberg, P.C., Westbury, NY, for appellant.
Terence Christian Scheurer, P.C., Carle Place, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated January 15, 2016. The judgment, upon a decision and order of the same court dated February 13, 2015, made after a nonjury trial, granting the plaintiff's motion to hold the defendant in contempt and denying the defendant's cross motion to hold the plaintiff in contempt, inter alia, determined that the proceeds of the sale of certain real property located in Athens, New York, are the plaintiff's separate property, determined that the plaintiff did not dissipate marital assets, awarded the plaintiff a 50% distributive share of the funds transferred into the plaintiff's "TD bank account and TD Ameritrade Investment Account" after the commencement of the action, awarded the plaintiff an equitable distribution credit for the full amount of certain household and child-related expenses she paid using the proceeds of the sale of the real property located in Athens, New York, awarded the plaintiff the sum of $2,500 per month as maintenance for a period of five years, awarded the plaintiff the sum of $2,602 per month as child support, and awarded the plaintiff arrears for unreimbursed medical and extracurricular expenses the defendant was directed to pay in an order of the same court dated February 11, 2013.
ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof determining that the proceeds of the sale of certain real property located in Athens, New York, are the plaintiff's separate property, and substituting therefor a provision determining that the proceeds of that sale are marital property, (2) by deleting the provision thereof awarding the plaintiff a 50% distributive share of the funds transferred into the plaintiff's "TD bank account and TD Ameritrade Investment Account" after the commencement of the action, (3) by deleting the provision thereof awarding the plaintiff an equitable distribution credit for the full amount of certain household expenses she paid using the proceeds of the sale of the real property located in Athens, New York, and substituting therefor a provision awarding the plaintiff an equitable distribution credit for one-half of those expenses, (4) by deleting the provision thereof awarding the plaintiff an equitable distribution credit for the amount of certain child-related expenses she paid using the proceeds of the sale of the real property located in Athens, New York, and (5) by deleting the provision thereof awarding the plaintiff arrears for unreimbursed medical and extracurricular expenses the defendant was directed to pay in an order of the same court dated February 11, 2013; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the decision and order dated February 13, 2015, is modified accordingly.
The parties, who were married in 1991, have three children together. The plaintiff commenced this action for a divorce and ancillary relief in 2012. Prior to trial, the plaintiff moved to hold the defendant in contempt, and the defendant cross-moved to hold the plaintiff in contempt, for their alleged willful disobedience of the automatic orders applicable to matrimonial actions (see Domestic Relations Law § 236[B][2][b]; Judiciary Law § 753[A][1]; Uniform Rules for Trial Courts [22 NYCRR] § 202.16). The Supreme Court referred both contempt motions to trial. At the conclusion of the trial, in a decision and order dated February 13, 2015, the court granted the plaintiff's motion, found that the defendant was in contempt, and denied the defendant's cross motion, finding that the plaintiff's conduct did not rise to the level of sanctionable conduct. The defendant appeals from a judgment of divorce which, upon the decision and order dated February 13, 2015, inter alia, awarded the plaintiff maintenance, child support, and arrears for the unreimbursed medical and extracurricular expenses the defendant was directed to pay in a pendente lite order dated February 11, 2013. The judgment also determined that the proceeds of the sale of certain real property, located in Athens, New York (hereinafter the Lakehouse property), were the plaintiff's separate property, and equitably distributed the remaining marital property.
The amount and duration of maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (see Carr-Harris v Carr-Harris, 98 AD3d 548, 551; Wortman v Wortman, 11 AD3d 604, 606; Mazzone v Mazzone, 290 AD2d 495, 496), although a court is required to consider the statutory factors set forth in Domestic Relations Law § 236(B)(6)(a) when considering such a request (see Shortis v Shortis, 274 AD2d 880; Mulverhill v Mulverhill, 268 AD2d 948). Here, after consideration of the statutory factors, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $2,500 per month for a period of five years. The evidence established that, although the plaintiff had a teaching degree, she had been out of the workforce since the parties' first child was born in 1995, that she stayed at home to be the primary caregiver for the parties' children, that when she did return to work she would be paid at the low end of the pay scale, and that she would have to purchase her own health insurance as a result of the divorce.
Furthermore, the Supreme Court providently exercised its discretion in setting the defendant's child support obligation at $2,602 per month in accordance with the Child Support Standards Act, and the defendant failed to establish that this amount was unjust or inappropriate (see Veitch v Veitch, 6 AD3d 1094; Matter of Steuben County Dept. of Social Servs. v James, 171 AD2d 1023).
The Supreme Court should not have awarded the plaintiff arrears for unreimbursed medical and extracurricular expenses the defendant was directed to pay in a pendente lite order dated February 11, 2013. A party to a matrimonial action may make an application for a judgment directing payment of such arrears at any time prior to or subsequent to the entry of a judgment of divorce (see Domestic Relations Law § 244). However, an application for a judgment directing payment of arrears must be made "upon such notice to the spouse or other person as the court may direct" (id.). Here, the plaintiff made no such application (see id.; McCoy v McCoy, 117 AD3d 806, 808-809; Matter of Fixman v Fixman, 31 AD3d 637, 637-638).
We disagree with the Supreme Court's determination that the Lakehouse property, and the proceeds of its sale, were the plaintiff's separate property. The testimony of the plaintiff and her father was insufficient to rebut the presumption that the property, which was purchased during the marriage, was marital property (see Batease v Batease, 71 AD3d 1344; McLoughlin v McLoughlin, 63 AD3d 1017; Romano v Romano, 40 AD3d 837; Heine v Heine, 176 AD2d 77). Furthermore, because the Lakehouse property, and the proceeds of its sale, were marital property, the court should not have awarded the plaintiff an equitable distribution credit for the full amount of certain household expenses she paid using the proceeds of the sale of the Lakehouse property. The court should have awarded the plaintiff an equitable distribution credit for one-half of the amount that she expended (see Alleva v Alleva, 112 AD3d 567; Epstein v Messner, 73 AD3d 843; Bogdan v Bogdan, 260 AD2d 521). Moreover, the court erred in awarding the plaintiff an equitable distribution credit for certain child-related expenses she paid using the proceeds of the sale of the Lakehouse property. That award is duplicative of the award of child support, which was made [*2]retroactive to October 2012.
We agree with the Supreme Court's determination that the plaintiff did not dissipate marital assets (cf. McGarrity v McGarrity, 211 AD2d 669; Grotsky v Grotsky, 208 AD2d 676; Contino v Contino, 140 AD2d 662). Both parties testified that it was the plaintiff's responsibility to pay the marital bills, and that she did so by liquidating certain investment accounts and transferring the resulting funds to the parties' savings and checking accounts to compensate for any shortfall in the amount of the defendant's paycheck necessary to pay bills.
We agree with the Supreme Court's determination that the shares of UPS common stock acquired by the parties prior to the commencement of the action were marital property (see Fields v Fields, 15 NY3d 158, 162; Lowe v Lowe, 123 AD3d 1207; Domestic Relations Law § 236 [B][1][c]). We also agree with the court's determination awarding the plaintiff a 50% distributive share of the proceeds of the sale of those shares by the defendant, as the defendant sold those shares after the commencement of the action, in violation of the court's automatic order prohibiting the transfer of personal property and the wasteful dissipation of marital assets (see Halse v Halse, 93 AD3d 1003; Noble v Noble, 78 AD3d 1386; Domestic Relations Law § 236[B][5][d][12]). Furthermore, we agree with the court's determination not to allocate any portion of the tax liability resulting from the sale of those shares sale to the plaintiff because the defendant failed to present any evidence from which the court could have determined the tax liability (see Malin v Malin, 172 AD2d 721; Gluck v Gluck, 134 AD2d 237). However, the court should not have awarded the plaintiff a 50% distributive share of the funds transferred into the plaintiff's "TD bank account and TD Ameritrade Investment Account" after the commencement of the action, as those awards constituted duplicate distributions of the proceeds of the sale of the shares of UPS common stock.
We agree with the Supreme Court's determination that the defendant knowingly failed to comply with the court's automatic order which restricted him from transferring, selling, or converting marital funds, and that the defendant's actions resulted in prejudice to the plaintiff (see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19; Spencer v Spencer, 159 AD3d 174; Barton v Barton, 137 AD3d 723; Townes v Coker, 134 AD3d 805). We also agree with the court's determination that the plaintiff did not violate the court's automatic order or dissipate marital assets, as alleged by the defendant. Accordingly, we agree with the court's grant of the plaintiff's motion to hold the defendant in contempt and denial of the defendant's cross motion to hold the plaintiff in contempt.
The parties' remaining contentions are without merit.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court