Condo v Condo (2023 NY Slip Op 00391)

Condo v Condo

2023 NY Slip Op 00391

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 300341/14 Appeal No. 17199 Case No. 2022-01377 

[*1]Anna Condo, Plaintiff-Appellant,
v
George Condo, Defendant-Respondent.

Dentons US LLP, New York (Anthony B. Ullman of counsel), for appellant.
Blank Rome LLP, New York (Sheila Ginsberg Riesel of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered February 15, 2022, which, to the extent appealed from, awarded defendant counsel fees in the amount of $1,050,250 incurred in connection with defendant's motion sequence numbers 9 through 13 and defense of plaintiff's appeals, and $73,066.50 representing the reallocation of 50% of the expert fees paid by defendant to Laura Solomon Fine Art LLC, unanimously modified, on the law and the facts, to vacate the award representing the reallocation of expert fees paid by defendant to Laura Solomon, and otherwise affirmed, without costs.
Contrary to plaintiff's contention, the Special Master (SM) had the legal authority to award legal fees associated with defendant's motion sequence numbers 9 through 13 and the defense against plaintiff's appeals to this Court (see Condo v Condo, 173 AD3d 595 [1st Dept 2019]; Condo v Condo, 172 AD3d 434 [1st Dept 2019]; Condo v Condo, 171 AD3d 435 [1st Dept 2019]). The SM's authority derives from a contractual agreement between the parties, so ordered by the court and a subsequent Appointment Order, that by its plain language, granted the SM authority not only to reallocate payment of her own fees if a party was uncooperative in the proceedings presided over by the SM, but also to award counsel fees for a "failure to cooperate" if a party, through their conduct, sought to obstruct or delay the process or cause the other party to incur unnecessary legal fees. The Appointment Order, read as a whole, evinces the parties' intent to grant the SM this broad authority to award fees in relation to any conduct, including litigation in other venues, that aimed to thwart the timely distribution of the marital artwork (see DelDuca v DelDuca, 304 AD2d 610, 610-611 [2d Dept 2003]).
Plaintiff argues that, even if the SM had legal authority to award counsel fees for litigation outside her venue, the alleged misconduct on her part did not constitute a "failure to cooperate" warranting fees because she was acting within her legal rights, there was no evidence she intended to cause delay, and defendant was acting of his own volition in bringing the motions. We reject this argument. Plaintiff's contumacious conduct in these postjudgment matrimonial proceedings, including the misconduct alleged by defendant, has been well documented by the court and the SM, and we find no basis to disturb those findings. Accordingly, the SM properly concluded that defendant was entitled to counsel fees arising from plaintiff's "failure to cooperate."
Having established that the SM had legal authority to award counsel fees in connection with defendant's motions, and plaintiff's conduct constituted a "failure to cooperate" under the terms of the Appointment Order, we address the reasonableness of the fees awarded. Contrary to her contention, plaintiff was not entitled to an evidentiary hearing as a matter of law, as such procedure was not set forth in the SM's Appointment Order (see Dow v Dow[*2], 80 AD3d 848, 849 [3d Dept 2011]). Under the unique circumstances of this case, where the SM, an experienced matrimonial litigator, has been intimately involved with the parties and the proceedings since her appointment in 2017, and the record, along with attorney affirmations and billing invoices submitted by defendant, reflect the nature and scope of the litigation between the parties, we find that the SM did not improvidently exercise her discretion in awarding defendant fees of $1,050,250 (see Jordan v Freeman, 40 AD2d 656, 657 [1st Dept 1972]).
We agree with plaintiff, however, that the SM acted outside her authority in reallocating fees paid by defendant to Laura Solomon, an art consultant jointly retained by the parties, on the sole ground that Solomon's work benefitted both parties without finding that plaintiff's misconduct warranted reallocation as argued by defendant. Accordingly, we vacate the award of $73,066.50.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023