Parada v Herron (2024 NY Slip Op 00235)

Parada v Herron

2024 NY Slip Op 00235

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 306831/14 Appeal No. 1484-1485 Case No. 2022-05384 2023-01720 

[*1]Maria Del Pilar Nava Parada, Plaintiff-Appellant,
v
Adam Herron, Defendant-Respondent. 

The Law Firm of Joel R. Brandes, P.C., New York (Joel R. Brandes of counsel), for appellant.
Adam W. Herron, respondent pro se.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered April 3, 2023, which insofar as appealed from as limited by the briefs, granted plaintiff wife's motion for reargument and upon reargument, vacated the contempt finding against her for relocating her residence outside New York City, and ordered wife to become current with equitable distribution arrears, but adhered to its original determination awarding defendant husband $25,000 in counsel fees, and awarded husband an additional $5,000 in counsel fees, unanimously modified, on the law, to the extent of vacating so much of the order as directed wife to become current with equitable distribution payments, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about July 25, 2022, which insofar as appealed from as limited by the briefs, held wife in contempt for failing to make ordered equitable distribution payments, unanimously affirmed, without costs, and the appeal otherwise dismissed as subsumed in the appeal from the order upon reargument.
The court properly granted plaintiff wife's motion to reargue and to vacate its finding that she was in contempt for relocating out of New York City (CPLR 2221[d]). To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence (see El-Dehdan v El-Dehdan, 114 AD3d 4, 10-11 [2d Dept 2013], affd 26 NY3d 19 [2015]), that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect; the order was disobeyed by a party who had knowledge of its terms; and the movant was prejudiced by the offending conduct (id. at 14). The ambiguity in the language of the relocation provision of the parties' parenting agreement foreclosed any finding that the terms were an unequivocal mandate for contempt purposes. On the other hand, the court properly found the wife in contempt on the underlying motion for her failure to make the court-ordered equitable distribution payments.
The court also properly exercised its discretion in assessing $25,000 in counsel fees against the wife on the contempt motion and an additional $5,000 in counsel fees against the wife on the reargument motion based on the stipulation of settlement, which allowed for reasonable counsel fees in the event one party defaulted on any of its provisions. Moreover, the husband was not required to provide a net worth statement in conjunction with his fee motion, as the parties' stipulation of settlement did not require proof of the parties' relative financial circumstances (see Garcia v Garcia, 104 AD3d 806, 807 [2d Dept 2013]; Rosner v Rosner, 143 AD3d 884 [2d Dept 2016]; see generally Condo v Condo, 212 AD3d 573, 573 [1st Dept 2023], lv dismissed 40 NY3d 1014 [2013]).
However, as the record reflects that the equitable distribution arrears were satisfied by the time the wife made her motion for leave to reargue and was not an issue raised for reconsideration on that motion, we vacate [*2]so much of the reargument order as directed the wife to come current on the arrears or face entry of judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024