Shah v Shah (2026 NY Slip Op 00930)

Shah v Shah

2026 NY Slip Op 00930

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09303
 (Index No. 200084/19)

[*1]Sahera Shah, respondent,
vMubashar Shah, appellant.

John Teufel, Hempstead, NY, for appellant.
Taylor Walker, Farmingdale, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered September 30, 2022. The judgment of divorce, insofar as appealed from, upon a decision of the same court (Erica Prager, J.) dated November 23, 2021, made after a nonjury trial, (1) awarded the plaintiff maintenance in the sum of $452.13 per month for a period of three years, and (2) failed to award the defendant a credit for certain loans allegedly made to the defendant during the marriage.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in November 2002 and have four children together. In January 2019, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, in a judgment of divorce entered September 30, 2022, upon a decision dated November 23, 2021, the Supreme Court, inter alia, awarded the plaintiff maintenance in the sum of $452.13 per month for a period of three years and failed to award the defendant a credit for certain loans allegedly made to the defendant during the marriage. The defendant appeals.
"'The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting'" (Diliberto v Diliberto, 230 AD3d 637, 640, quoting Sansone v Sansone, 144 AD3d 885, 886). "'The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances'" (Varnit v Varnit, 233 AD3d 917, 921 [internal quotation marks omitted], quoting Bari v Bari, 200 AD3d 835, 837). "'As this action was commenced after January 23, 2016, it is governed by amendments to the calculation of postdivorce maintenance set forth in part B of section 236 of the Domestic Relations Law (see L 2015, ch 269, § 4)'" (Albano v Albano, 230 AD3d 723, 725, quoting Novick v Novick, 214 AD3d 995, 997).
Here, considering the relevant factors, the award of maintenance to the plaintiff in the sum of $452.13 per month for a period of three years was a provident exercise of discretion (see Domestic Relations Law § 236[B][6][c], [e][1]; Torkin v Susac, 236 AD3d 1082; Novick v Novick, 214 AD3d at 996). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in imputing income to the plaintiff in the sum of only $32,500 for purposes of [*2]calculating the defendant's maintenance obligation, nothwithstanding that the defendant had consented to imputing income to the plaintiff in that amount solely for purposes of calculating the defendant's child support obligation (see Bishop v Bishop, 230 AD3d 1212, 1213; Tuchman v Tuchman, 201 AD3d 986, 990; Sufia v Khalique, 189 AD3d 1499, 1502).
Moreover, the Supreme Court providently exercised its discretion in declining to treat certain loans totaling $75,000 allegedly made to the defendant during the marriage as marital debt. "'[E]xpenses incurred prior to the commencement of an action for a divorce are marital debt to be equally shared by the parties upon an offer of proof that they represent marital expenses'" (Bari v Bari, 200 AD3d at 839, quoting Epstein v Messner, 73 AD3d 843, 845; see Lubrano v Lubrano, 122 AD3d 807, 808-809). "'However, the court has broad discretion in allocating the assets and debts of the parties to a matrimonial action, and liability for the payment of marital debts need not be equally apportioned but may be distributed in accordance with the [equitable distribution] factors set forth in Domestic Relations Law § 236(B)(5)(d)'" (Bari v Bari, 200 AD3d at 839 [internal quotation marks omitted], quoting Minervini v Minervini, 152 AD3d 666, 668). "'[W]here, as here, a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses and the proffered items of evidence is afforded great weight on appeal'" (Mahoney v Mahoney, 197 AD3d 638, 640 [internal quotation marks omitted], quoting Sufia v Khalique, 189 AD3d at 1500). Here, the court properly found that the defendant failed to provide sufficient evidence demonstrating that the subject loans constituted marital debt (see Lubrano v Lubrano, 122 AD3d at 808-809; Milnes v Milnes, 50 AD3d 750, 751).
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court