■ HERBERT GUTIN, Appellant, v GERTRUDE GUTIN, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered in 1979, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated November 17, 1988, as granted, without a hearing, the defendant wife's motion for counsel fees in the amount of $18,000.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a hearing and new determination as to the amount of counsel fees to be awarded to the defendant wife.

The defendant wife sought pursuant to Domestic Relations Law § 237 (c), to recover counsel fees in the amount of $42,990 which were allegedly incurred in obtaining a judgment against the plaintiff husband pursuant to Domestic Relations Law § 244 for child support arrears in the principal sum of $4,620, for the period of December 28, 1985 through March 2, 1987. Domestic Relations Law § 237 (c) provides: "(c) In any action or proceeding for failure to obey any lawful order compelling payment of support or maintenance, or distributive award the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner". The Supreme Court held that the husband's failure to pay child support was willful and, on that basis, awarded the wife counsel fees.

On the instant appeal, the husband argues that his former wife did not establish that his failure to pay child support was willful. We disagree. The decision dated April 10, 1987, which determined the defendant's motion for postjudgment matrimonial relief, and the judgment entered April 30, 1987 thereon, awarded the wife the principal sum of $4,620 as child support arrears for the period December 28, 1985 through March 2, 1987. Both provided that the wife was also awarded prejudgment interest from December 28, 1985 through March 2, 1987 in the amount of $232.86. Pursuant to Domestic Relations Law § 244, an award of prejudgment interest may only be made "if the default was willful, in that the obligated spouse

knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" *(see also, Friedman v Exel,* 116 AD2d 433). Since the husband never successfully challenged or appealed from the judgment entered April 30, 1987, it is binding upon him, and the wife is entitled to an award of counsel fees pursuant to Domestic Relations Law § 237 (c).

In opposition to the wife's motion for counsel fees, the husband (1) questioned both the nature of the services rendered (i.e., whether they fell within the class of services which can be compensated), and the value ascribed to those services by the wife's counsel, and (2) requested that the matter be set down for a hearing.

Although the amount of counsel fees demanded was $42,990, the Supreme Court, without hearing, awarded the wife's counsel the sum of $18,000, stating: "However, the Court notes that defendant's request for counsel fees in the amount of $42,900.00 *[sic]* seeks reimbursement for non-matrimonial matters and matters not related to the enforcement proceedings herein. The Court also finds that the billable hours for some of the services performed were in excess of those reasonable and necessary to accomplish the intended results".

Under the circumstances, it was error for the Supreme Court to have awarded counsel fees in the amount of $18,000 without conducting a hearing. It is well settled that "[w]here attorney's fees are challenged, the opposing spouse is entitled to a hearing * * * as a 'meaningful way of testing the [attorney's] claims relative to time and value' " *(Price v Price,* 113 AD2d 299, 309; *Sadofsky v Sadofsky,* 78 AD2d 520, 521; *Johnston v Johnston,* 115 AD2d 520; *Weinberg v Weinberg,* 95 AD2d 828, 829). Accordingly, an evidentiary hearing must be held so that the extent and value of counsel's services can be "scrutinized in an adversarial context by the trial court and intelligently reviewed by this one" *(Sadofsky v Sadofsky, supra,* at 521). Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.