■ JUNE MILLER, Respondent, v JULIAN MILLER, Appellant.— In an action for a divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered June 13, 1988, which is in favor of the plaintiff wife and against him in the principal sum of $63,714.96 for arrears due pursuant to an order of the same court dated September 29, 1986, which granted the plaintiff pendente lite relief, and the sum of $750 for counsel fees.

Ordered that the judgment is affirmed, with costs.

The defendant husband was directed to pay pendente lite

child support in the amount of $75 a week for each of the parties' two children. He unilaterally reduced his support payments by one half when the parties' daughter began to reside with him, even after his request for a modification of the pendente lite order was denied. The wife was entitled to a judgment for the child support arrears, as the husband did not obtain a court order permitting him to reduce his child support payments prior to accumulation of the arrears (see, *Moheban v Moheban,* 149 AD2d 488; *Serafimovs v Serafimovs,* 134 AD2d 422; *Coveleski v Coveleski,* 93 AD2d 924; Domestic Relations Law § 244). A hearing was not required, since the husband conceded that he was in default, and the amount of the arrears may be determined from the parties' affidavits (cf., *Rogers v Rogers,* 151 AD2d 738; *Moheban v Moheban, supra).*

The pendente lite order required the husband to pay the carrying charges on the marital residence. The husband does not dispute that he failed to make the required payments. The court properly directed entry of a judgment for the arrears in those payments as the husband did not show good cause for his failure to seek judicial relief prior to accumulation of the arrears (see, *Scagnelli v Scagnelli,* 127 AD2d 754; *Penziner v Penziner,* 123 AD2d 674). The conclusory allegations in the husband's affidavit are insufficient to raise any factual issues requiring a hearing (cf., *Rogers v Rogers, supra).*

With respect to the counsel fee award, the husband conceded in his reply brief that the wife was not required to attach a net worth statement to her moving papers (see, 22 NYCRR 202.16 [g]; *Coppola v Coppola,* 129 AD2d 760). Therefore, that award was not improper. Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.