■ SUSAN GOLDFARB, Appellant-Respondent, v JOEL GOLDFARB, Respondent-Appellant.—In a matrimonial action in

which the parties were divorced by judgment entered July 19, 1979, the plaintiff former wife appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), entered March 9, 1990, as denied that branch of her motion which was for an award of counsel fees, and the defendant former husband cross-appeals from so much of the same order and judgment as granted that branch of the plaintiff's motion, pursuant to Domestic Relations Law §§ 244 and 244-a, which was for leave to enter a money judgment for arrears in child support, with prejudgment interest.

Ordered that the order and judgment is modified, on the law, by (1) deleting from the first decretal paragraph the words "to the following extent"; and (2) deleting the fourth decretal paragraph thereof and substituting therefor a provision granting that branch of the plaintiff's motion which was for an award of counsel fees; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to the amount of fees to be awarded to counsel for the plaintiff and entry of an appropriate amended order and judgment; and it is further,

Ordered that the plaintiff is awarded costs.

The plaintiff former wife was entitled to a judgment for child support arrears since the defendant former husband failed to obtain a court order permitting him to eliminate his child support payments prior to the accumulation of the arrears (see, Domestic Relations Law § 244; *Miller v Miller*, 160 AD2d 912; *Schelter v Schelter*, 159 AD2d 995; *see also, Johnston v Johnston*, 115 AD2d 520). Moreover, by awarding prejudgment interest, the Supreme Court concluded that the defendant's conduct was willful in that he "knowingly, consciously and voluntarily disregarded" his obligation to pay child support (Domestic Relations Law § 244; *see, Gutin v Gutin*, 155 AD2d 586).

In light of the fact that the defendant's conduct was willful, the plaintiff was entitled, pursuant to Domestic Relations Law § 237 (c), to an award of counsel fees (*see, Stang v Stang*, 173 AD2d 812; *Riseley v Riseley*, 173 AD2d 1103; *Gutin v Gutin, supra*). Therefore, the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to the amount of fees to be awarded to counsel for the plaintiff. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.