■ LAUREL A. MCBRIDE, Respondent, v KENNETH J. MC-BRIDE, Appellant. [656 NYS2d 290] —In a matrimonial action in which the parties were divorced by judgment dated July 1, 1994, the defendant former husband appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated May 24, 1996, as denied his motion to modify the judgment to the extent of eliminating his monthly obligation to pay his pro rata share of child care expenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the judgment dated July 1, 1994, is modified to the extent of deleting the provision directing the defendant to pay child care expenses in the sum of $333 per month, effective as of the date of service of the defendant's motion to modify.

The parties were divorced by judgment dated July 1, 1994. The plaintiff was awarded custody of their two children and the defendant was directed to pay monthly child support calculated in accordance with the Child Support Standards Act (hereinafter the CSSA) (L 1989, ch 567). Although the plaintiff was not employed outside of the home at the time of trial, the court found that she was capable of obtaining salaried employment and, in fact, should already have done so. Apparently anticipating that the plaintiff would seek and obtain such employment, the court directed the defendant to pay a monthly

sum for child care expenses in addition to his basic support obligation.

The plaintiff, however, never sought or obtained employment and did not incur any child care expenses. Therefore, in March 1996, the defendant moved to modify the judgment insofar as it directed him to pay child care costs. The court denied the motion on the ground that the defendant had failed to demonstrate a substantial change in his financial circumstances. We reverse.

Pursuant to the CSSA, a noncustodial parent may be required to pay his or her proportionate share of child care expenses as a supplement to the basic support obligation where the custodial parent is attending school, receiving training, seeking employment, or working and, as a result, incurs child care expenses (see, Domestic Relations Law § 240 [1-b] [c] [4], [6]). The legislative history of the CSSA indicates that "child care costs were set out as 'a distinct element of the basic child [care] obligation' because such costs 'can represent an inordinate proportion of the costs of raising a child', and place an undue financial burden on the custodial parent" (Matter of Bill v Bill, 214 AD2d 84, 89, quoting Mem of State Exec Dept, Bill Jacket, L 1989, ch 567).

It is undisputed that the plaintiff was not engaged in any of the activities set forth in the statute and did not incur any child care expenses. Requiring the defendant to continue to contribute to nonexistent expenses is contrary to the intent of the CSSA and the apparent intent of the trial court. Under the circumstances, the court erred in denying the defendant's motion. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.