In the Matter of ROSEMARIE GLEASON, Respondent, v EUGENE GLEASON, Appellant. [668 NYS2d 657] —In a support

proceeding pursuant to Family Court Act article 4 based upon the parties' judgment of divorce dated April 13, 1980, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), dated January 13, 1997, which denied his objections to an order of the same court (Crosson, H.E.), dated August 21, 1996, which directed the entry of a money judgment of $17,340 for support arrears against him, and denied his application to "terminate the alimony obligation set forth" in the judgment of divorce.

Ordered that the order is affirmed, with costs.

The father alleged that he was legally relieved of his obligation to pay child support to the mother based on his alleged oral agreement with her to pay the ordered support directly to their children. He offered no evidence, however, save for his own word, that such an agreement actually existed. Given that the father failed to seek appropriate relief by application to the court for a modification of child support payments, and instead resorted to self-help, the mother was entitled to a judgment for the arrears (*see, Theodoreu v Theodoreu,* 225 AD2d 686; *see also, Goldfarb v Goldfarb,* 175 AD2d 275, 276; *Miller v Miller,* 160 AD2d 912, 913).

Similarly unpersuasive is the father's argument that he should be relieved of his obligation to pay child support to the mother because he had chosen to pay the college tuition and room and board for the parties' daughters. Voluntary payments made by a parent for the benefit of his or her children and not pursuant to a court order may not be credited against amounts due under the order (*see, Mayeri v Mayeri,* 220 AD2d 647, 648; *Lefkow v Lefkow,* 188 AD2d 589, 590; *Matter of Hamlin v Kirnan,* 186 AD2d 1038; *Krantz v Krantz,* 175 AD2d 865, 866).

Further, contrary to the father's contention, the mother did not engage in any affirmative conduct tending to indicate a waiver of her right to receive support payments (*see, Eldridge v Eldridge,* 228 AD2d 473), and a waiver is not created by her mere silence (*see, Mitchell v Mitchell,* 170 AD2d 585; *Liebling v Liebling,* 146 AD2d 673, 674).

Additionally, as the father never made an application for a downward modification or termination in his alimony obligation, the court properly found that there was no basis to terminate the alimony payments (*see, Matter of Cox v Cox,* 181 AD2d 201, 205).

The father's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.