■ ELLEN O'BRIEN, Appellant, v JOHN MCCANN, Respondent. [671 NYS2d 458] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about December 17, 1996, which denied petitioner's objections to an order of support entered on or about October 18, 1996 granting respondent father's petition for downward modification of child support and denying petitioner's cross petition for a finding that respondent willfully violated the support order, unanimously reversed, on the law, without costs, the petition for downward modification denied, the cross petition granted, and the matter remanded to Family Court for further proceedings.

Respondent has never contributed voluntarily to the support of his teenage son, and support payments, currently set at $110 weekly plus medical expenses, have been obtained by garnishment of his wages. As the result of the loss of his employment, respondent accumulated arrears in the amount of $12,852 in support and $6,286 in medical expenses as of December 26, 1995. Respondent, who is 60 years old, filed a petition seeking a downward modification of his child support obligation, stating that his attempts to find a new job have been unsuccessful. The petition asserts that he lacks the income necessary to fulfill his child support obligations and that he is only able to purchase necessities, such as food and car fare, with "loans" received from his 93-year-old mother, with whom he resides.

The Hearing Examiner found that respondent was involuntarily terminated from his employment. Based on various factors—including respondent's age, his trembling hands and his living arrangements—and taking into consideration his payment of $376 to avoid incarceration, the Hearing Examiner concluded that the failure to pay child support was not willful. Petitioner mother filed objections to the Hearing Examiner's findings on the ground that the record does not reflect a diligent search for employment. However, Family Court found the objections to lack merit. We disagree.

Family Court Act § 461 (b) states that "the family court may * * * (ii) entertain an application to modify such order on the ground that changed circumstances requires [sic] such modification". Respondent father bears the "burden of proving a substantial change in circumstances warranting a downward modification of child support" (*Anonymous C. v Anonymous V.*, 180 AD2d 457, 458, citing Domestic Relations Law § 236 [B]

[9] [b]; *Matter of Steinberg v Steinberg*, 18 NY2d 492). Furthermore, the child support provider must demonstrate that the lack of income is unavoidable in order to justify a decrease in support (*Hickland v Hickland*, 39 NY2d 1, 5, *rearg denied* 39 NY2d 943, *cert denied* 429 US 941). Therefore, the determination to reduce support must be predicated on respondent's capacity to generate income, not on his current economic status (*Matter of Fries v Price-Yablin*, 209 AD2d 1002; *Matter of Yepes v Fichera*, 230 AD2d 803; *David W. v Julia W.*, 158 AD2d 1, 8).

The record before us fails to establish that respondent's lack of income is unavoidable. A job-search diary respondent was required to keep contains only five vague and insubstantial entries dating back to June 1994, none of which includes a telephone number, specific date, or details about the potential employer. The diary simply does not sustain the Referee's conclusion that respondent conducted a diligent search for employment. Notwithstanding the comment about trembling hands contained in the Referee's report, respondent conceded that he has no medical problems that would prevent him from working. Finally, the single payment made upon penalty of incarceration cannot be deemed voluntary, nor does it render respondent's failure to make child support payments less than willful. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.