■ In the Matter of STEVEN D. FRANKEL, Appellant, v LISA M. TREGNAGHI, Respondent. [815 NYS2d 464]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 10, 2006, which denied petitioner's objections to the order of Special Magistrate Sudeep Kaur, dated January 4, 2006, which granted respondent's motion to dismiss the petition for downward modification of petitioner's child support obligation, unanimously affirmed, with costs.

In view of the circumstance that petitioner's income has improved since entry of the support order, petitioner concedes that he is unable to make a showing of a substantial change in circumstance warranting downward modification of his child support obligation (see Colyer v Colyer, 309 AD2d 9, 15-16 [2003]; O'Brien v McCann, 249 AD2d 92 [1998]; Cheryl R. v Laurence R., 223 AD2d 484 [1996]). Petitioner's argument that the court, in a prior, unappealed order setting his child support obligation, failed to consider that his receipt of certain funds amounting to nearly $1 million was attributable to a one-time distribution of nonrecurring assets, is not properly before us. Were we to address the argument, we would reject it since it is apparent that Family Court expressly took the nonrecurring nature of the distribution into consideration. We would also reject petitioner's argument that he should be relieved of his child support obligation because he did not have the assets at issue at the time of the support order and does not have them now. Petitioner, we note, does not challenge the finding that he deliberately divested himself of the subject funds in an attempt to avoid his child support obligations.

Petitioner's remaining arguments are unavailing. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.