In the Matter of JULIA S. WALLIN, Respondent, v JAMES P. WALLIN, Appellant. [862 NYS2d 557]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Simeone, J.), dated September 24, 2007, as denied his objections to stated portions of an order of the same court (Rodriguez, S.M.) dated May 15, 2007, which, after a hearing, inter alia, granted those branches of the mother's petition which were for reimbursement of certain expenses related to child care, camp, and extracurricular activities, and fixed his arrears for reimbursement of certain expenses related to child care, camp, and extracurricular activities in the sum of $4,496.32, and, in effect, directed him to reimburse the mother for child care expenses in the sum of $1,260, a duplicate softball league fee in the sum of $225, and guitar lessons in the sum of $240.

Ordered that the order dated September 24, 2007, is modified, on the law, by deleting the provisions thereof denying the father's objections to so much of the order dated May 15, 2007, as fixed his arrears for reimbursement of certain expenses related to child care, camp, and extracurricular activities in the sum of $4,496.32 and, in effect, directed him to reimburse the mother for child care expenses in the sum of $1,260, a duplicate softball league fee in the sum of $225, and guitar lessons in the sum of $240, and substituting therefor a provision sustaining

those objections; as so modified, the order dated September 24, 2007, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing and a new determination, in accordance with the Child Support Standards Act, limited to that branch of the mother's petition which was for reimbursement of child care expenses in the sum of $1,260.

The mother and father were divorced by judgment dated March 11, 2005, and the mother was awarded sole custody of their two daughters. Pursuant to a stipulation of settlement (hereinafter the stipulation) which was incorporated in, but did not merge with, the judgment of divorce, the father was required to pay the mother's child care expenses "in accordance with the Child Support Standards Act," if she was working or attending school in order to obtain employment.

In September 2006 the mother filed a petition in Family Court seeking reimbursement for child care expenses and expenses related to extracurricular activities and summer camp for which the father allegedly was responsible pursuant to the stipulation. Following a hearing, the Support Magistrate found that the stipulation required the father to pay "100%" of the mother's child care expenses, and determining that the mother was entitled to reimbursement for, inter alia, child care expenses in the sum of $1,260, two separate sums of $225 for softball league fees, and guitar lessons in the sum of $240. In an order dated May 15, 2007, the Support Magistrate directed the father to reimburse the mother in the total sum of $4,496.32. The Family Court denied the father's objections to the Support Magistrate's order.

The Support Magistrate erred in failing to apply the Child Support Standards Act (hereinafter the CSSA) in determining the amount of child care expenses for which the mother was entitled to reimbursement. Pursuant to the CSSA, where the custodial parent incurs child care expenses as a result, inter alia, of employment or vocational training, the noncustodial parent may be required to pay his or her proportionate share of such expenses as a supplement to the basic support obligation, and such expenses "shall be prorated in the same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240 [1-b] [c] [4]; see McBride v McBride, 238 AD2d 320, 321 [1997]).

A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation, and a court may not construe the language in such a way as would distort the contract's apparent meaning (see Matter of Nelson v

*Nelson,* 48 AD3d 688 [2008]; *Cohen-Davidson v Davidson,* 291 AD2d 474, 475 [2002]). Since the subject stipulation required the father to pay child care expenses "in accordance" with the CSSA, the Support Magistrate should have prorated such expenses based on parental income in determining the amount of child care expenses that the mother was entitled to recover from the father. Further, the Support Magistrate did not make any findings concerning individual or combined parental income during the periods of time for which the mother sought to recover child care expenses. Accordingly, the Family Court should have sustained the father's objection to so much of the order of the Support Magistrate as, in effect, directed him to reimburse the mother for child care expenses in the sum of $1,260. Therefore, the matter must be remitted to the Family Court, Suffolk County, for a hearing and a new determination, in accordance with the CSSA, of that branch of the mother's petition which was for reimbursement of child care expenses in the sum of $1,260.

Additionally, the record does not support the Support Magistrate's determination that the mother was entitled to a reimbursement for a duplicate softball league fee in the sum of $225 or reimbursement for guitar lessons in the sum of $240. Accordingly, the father's objections to those awards should have been sustained.

The father's remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Belen, JJ., concur.