In the Matter of CHRISTINE SCARDUZIO, Respondent, v KEVIN RYAN, Appellant. [926 NYS2d 909]—

The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Marrale v Marrale*, 44 AD3d 773 [2007]; *Carr v Carr*, 187 AD2d 407, 408 [1992]). A change in the expenses for the child may constitute such a change in circumstances (*see Matter of Ryan v Levine*, 80 AD3d 767 [2011]; *McMahon v McMahon*, 19 AD3d 464 [2005]; *Matter of Elia v Elia*, 299 AD2d 358 [2002]). Pursuant to Family Court Act § 413 (1) (c) (4), "[w]here the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated [and] [e]ach parent's pro rata share of the child care expenses shall be separately stated and added" to the parent's basic child support obligation.

Here, it is undisputed that the child care expenses had decreased significantly since the order of support had been issued, due to the child attending school full time. Accordingly, the father should only be required to pay his share of the child care expenses actually incurred by the mother commencing January 7, 2010, the date that the father filed his petition for a downward modification of his child support obligation (*see Shanon v Patterson*, 294 AD2d 485 [2002]; *McBride v McBride*, 238 AD2d 320 [1997]).

We reject the father's argument that the costs of the after-school program and summer camp in which the child is enrolled do not qualify as child care expenses. The father has offered no evidence to refute the mother's contention that these programs provide care for the child while she is at work. Accordingly, those programs qualify as child care expenses consistent with the purpose of Family Court Act § 413 (1) (c) (4).

The father's remaining contentions are without merit.

We remit the matter to the Family Court, Westchester County, for a hearing to determine the amount of child care expenses actually incurred by the mother commencing January 7, 2010, and for the recalculation of arrears. Skelos, J.P., Belen, Hall and Roman, JJ., concur.