Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered September 4, 2012, which denied plaintiffs motions for orders directing defendant to pay damages for her eviction, setting aside a 2008 finding of alienation, and directing defendant to pay $49,000 to the Rudolph Steiner School, unanimously affirmed, without costs. Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about December 19, 2012, which denied plaintiffs objection to the Support Magistrate’s October 9, 2012 order dismissing her petition to modify the child support award, unanimously affirmed, without costs.
There is no basis for setting aside the finding of alienation. Plaintiff did not appeal from either the 2008 order in which the finding was made or the 2010 judgment of divorce. In any event, none of the evidence she presented undermines the finding.
There is no reason to reinstate maintenance at this time. “ ‘The purpose of maintenance is to give the recipient spouse a sufficient period to become self-supporting’ ” (Naimollah v De Ugarte, 18 AD3d 268, 271 [1st Dept 2005]; see Domestic Relations Law § 236 [B] [6] [a]). The parties’ marriage lasted only two years, plaintiff received temporary maintenance for approximately IV2 years, and, although she has a great earning capacity, she is apparently unwilling to work.
Defendant has no obligation to pay for the parties’ child’s private school, as various interim orders and the judgment of divorce determined.
There is no basis for awarding plaintiff damages in connection with her eviction from her apartment. The record demonstrates that the eviction was unrelated to any claimed support issues.
Plaintiff failed to meet her burden of establishing a substantial change in circumstances warranting an upward modification in child support since she failed to submit credible evidence of her income, assets or means of support (see Matter of Sullivan v Sullivan, 22 AD3d 415 [1st Dept 2005]). Plaintiff also failed to demonstrate any efforts she has made to find employment commensurate with her training and experience (O’Brien v McCann, 249 AD2d 92 [1st Dept 1998]). Moreover, the child’s alleged needs exceeded her actual reasonable needs (see Matter of Erin C. v Peter H., 66 AD3d 451 [1st Dept 2009], lv denied 15 NY3d 704 [2010]).
*487 We have considered plaintiffs remaining contentions and find them unavailing. Concur — Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.