■ In the Matter of COLLEEN E. BYRNES, Respondent, v DALE R. JAVINO, Appellant. [43 NYS3d 417]—

Appeal by the father from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated December 22, 2015. The order denied the father's objections to an order of that court (Meridith Lafler, S.M.), dated September 21, 2015, which, after a hearing and upon a finding that he violated his child support obligations, awarded the mother child support arrears in the principal sum of $9,231.

Ordered that the order dated December 22, 2015, is affirmed, without costs or disbursements.

Pursuant to the parties' stipulation of settlement, executed August 29, 2012, which was incorporated but not merged into the parties' judgment of divorce entered November 8, 2012, and amended judgment of divorce entered September 13, 2013, the father was required to pay the mother the sum of $439 per month in child support for the parties' daughter. The judgment and amended judgment granted the Family Court concurrent jurisdiction with the Supreme Court with respect to issues of child support. The mother commenced this proceeding pursuant to Family Court Act article 4 to, among other things, enforce the child support provisions of the stipulation of settlement incorporated into the judgment and amended judgment of divorce. After a hearing, the Support Magistrate issued an order finding that the father violated the child support provisions of the stipulation of settlement and awarded the mother child support arrears in the principal sum of $9,231. The father filed objections to the Support Magistrate's order. In an order dated December 22, 2015, the Family Court denied the father's objections.

The father contends that the Family Court erred in enforcing the support provision in the parties' stipulation of settlement because it was based on the Supreme Court's erroneous finding that the parties' son was emancipated when, in actuality, the son was living with him and he was supporting the son. However, "the Family Court has no power to review a Supreme Court judgment determining the issue of child support or to determine the issue of child support de novo where the issue already has been determined by the Supreme Court and set forth in a judgment" (*Matter of Perrego v Perrego*, 63 AD3d 1072, 1073 [2009]; *see Matter of Savini v Burgaleta*, 34 AD3d 686, 688-689 [2006]; *Matter of Huddleston v Huddleston*, 14 AD3d 511, 512 [2005]).

To the extent the father argues that after he entered into the stipulation of settlement, the parties' son moved in with him

and returned to high school and, therefore, he was entitled to offset his child support obligation by the money he expended to support his son, the father did not file a petition seeking a downward modification of his child support obligation prior to the accumulation of arrears. Since the father failed to obtain a court order permitting him to reduce or eliminate his child support payments prior to the accumulation of the arrears, the mother was entitled to a judgment for child support arrears (*see Goldfarb v Goldfarb*, 175 AD2d 275, 276 [1991]; *Miller v Miller*, 160 AD2d 912, 913 [1990]; *see also Matter of Gardner v Maddine*, 112 AD3d 926, 927 [2013]; *Galotti v Galotti*, 251 AD2d 285, 285-286 [1998]).

The father's contention that he was entitled to a credit against his child support obligation because he gave the parties' daughter $1,000 in cash in December 2012 is without merit. " 'Voluntary payments made by a parent for the benefit of his or her children and not pursuant to a court order may not be credited against amounts due under the order' " (*Matter of Finell v Finell*, 25 AD3d 703, 704 [2006], quoting *Matter of Gleason v Gleason*, 247 AD2d 384, 385 [1998]; *see Horne v Horne*, 22 NY2d 219, 224 [1968]). While the father alleges that the mother kept the $1,000 for herself, he does not dispute that it was intended as a gift to his daughter. Since the father voluntarily gave his daughter $1,000 as a gift, the Support Magistrate properly found that the father was not entitled to a credit against the amount owed.

The father's remaining contention is not properly before this Court, as it was not raised in his objections to the Support Magistrate's order (*see Matter of Worner v Gavin*, 134 AD3d 1043 [2015]; *Matter of Pizzuto v Pizzuto*, 129 AD3d 846, 847 [2015]; *Matter of Lorys v Powell*, 116 AD3d 1047, 1048 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011]; *Matter of Forman v Frost*, 67 AD3d 908, 909 [2009]). Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.