■ In the Matter of MICHELLE QUASHIE, Respondent, v GREGORY WINT, Appellant. [49 NYS3d 536]—

Appeals by the father from stated portions of an order of the Family Court, Kings County (Adele Alexis Harris, S.M.), dated October 27, 2015, stated portions of an amended order of that court dated December 22, 2015, and an order of that court (Alan Beckoff, J.) dated February 22, 2016. The order dated February 22, 2016, denied the father's objections to the order dated October 27, 2015, and the amended order dated December 22, 2015, which, after a hearing, inter alia, directed him to pay child support and child care expenses, in addition to retroactive support, for the parties' child.

Ordered that the appeal from the order dated October 27, 2015, is dismissed, as that order was superseded by the amended order dated December 22, 2015; and it is further,

Ordered that the appeal from the amended order dated December 22, 2015, is dismissed, as that order was superseded by the order dated February 22, 2016; and it is further,

Ordered that the order dated February 22, 2016, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying the father's objections to so much of the order dated October 27, 2015, and the amended order dated December 22, 2015, as imputed rental income to him, and substituting therefor a provision granting the objections to those portions of the order and the amended order, and (2) by

deleting the provision thereof denying the father's objections to so much of the order dated October 27, 2015, and the amended order dated December 22, 2015 as directed him to pay, commencing on October 23, 2015, the sum of $101.68 biweekly for child care expenses, and to pay retroactive support for child care expenses for the period of September 10, 2015, to October 22, 2015, and substituting therefor a provision granting the objections to those portions of the order and the amended order; as so modified, the order dated February 22, 2016, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new determination of the father's child support obligation and the parties' respective pro rata share of child care expenses in accordance herewith.

The parties have one child together. On November 1, 2013, the mother filed a petition for child support. In September 2014, a default order of support was entered against the father, but was subsequently vacated. After a hearing, the Support Magistrate issued an order dated October 27, 2015 (hereinafter the initial order), pursuant to which the father was directed to pay, inter alia, commencing on October 23, 2015, child support in the sum of $316.77 per week and child care expenses in the sum of $101.68 per week. The father also was directed to pay retroactive support for the period from November 1, 2013, to October 27, 2015, which included an award for child care expenses in the sum of $6,483.62 for the period of November 1, 2013, to September 9, 2015, and an award for child care expenses in the sum of $312.30 for the period of September 10, 2015, to October 22, 2015. The father filed objections to that order.

Pursuant to an amended order of support dated December 22, 2015 (hereinafter the amended order), the father was directed to pay child support and child care expenses totaling $418.45 on a biweekly basis, rather than weekly. The father filed objections to the amended order.

On February 22, 2016, the Family Court denied the father's objections to the initial order and the amended order. The father appeals.

Family Court Act § 413 (1) (c) (4) provides that "[w]here the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income." It is undisputed that the mother was the custodial parent, that she was employed full time, and that the child was entering kindergar-

ten in September 2015. Nevertheless, contrary to the finding of the Family Court, no testimony was elicited before the Support Magistrate regarding the cost of the after-school program at the Flatbush YMCA, the cost of child care during school closings, or the cost of summer camp. Accordingly, the Family Court erred in denying the father's objections to so much of the initial order and the amended order as directed him to pay, commencing on October 23, 2015, child care expenses in the sum of $101.68 biweekly and retroactive support for child care expenses for the period from September 10, 2015, to October 22, 2015 (*see Matter of Wallin v Wallin*, 53 AD3d 663, 665 [2008]; *cf. Matter of Barmoha v Eisayev*, 146 AD3d 946, 947 [2017]; *Matter of Lewis v Redhead*, 5 AD3d 600, 601 [2004]).

Moreover, while a Support Magistrate "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), and we accord deference to a Support Magistrate's credibility determinations (*see Matter of Kameneva v Hughes*, 138 AD3d 854, 855 [2016]; *Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]), a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion (*see Matter of Ambrose v Felice*, 45 AD3d 581, 582 [2007]). Here, the Support Magistrate's imputation of the sum of $17,400 annually in rental income to the father was not supported by the record (*see Matter of Shvetsova v Paderno*, 84 AD3d 1095, 1096-1097 [2011]; *Matter of Ambrose v Felice*, 45 AD3d at 583; *Matter of Goodman v Colena*, 287 AD2d 628 [2001]; *C.G. v F.G.*, 53 Misc 3d 229, 233 [Sup Ct, Richmond County 2016]). The father's testimony, as well as his 2014 tax return, demonstrated that the rental payments he received did not cover the mortgage and expenses related to his property. Accordingly, the Family Court erred in denying the father's objections to so much of the initial order and the amended order as imputed rental income to him.

Contrary to the father's contention, however, the Family Court properly denied his objections to so much of the initial order and the amended order as directed him to pay the sum of $6,483.62 in retroactive support for child care expenses incurred by the mother from November 1, 2013, to September 9, 2015. The mother's testimony, coupled with her submission of receipts and a letter from the child's day care provider, were sufficient evidence of the cost of child care during that time (*see Matter of Ripley v Valencia*, 136 AD3d 831, 831-832 [2016]; *Matter of Spiegel v Spiegel*, 68 AD3d 881, 882 [2009]).

The father's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.