Matter of Foster-Fisher v Foster-Fisher (2018 NY Slip Op 02781)





Matter of Foster-Fisher v Foster-Fisher


2018 NY Slip Op 02781


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-01556
 (Docket No. F-33535-10/15)

[*1]In the Matter of Tabatha Foster-Fisher, appellant,
v
Tyree Foster-Fisher, respondent.


Lance H. Meyer, PLLC, Lake Success, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated January 12, 2017. The order denied the mothers's objections to two orders of the same court (Nicholas J. Palos, S.M.), both dated October 26, 2016, which, after a hearing, respectively, granted the father's petition for a downward modification of his child support obligation and granted the mother's petition for arrears only to the extent of calculating the father's arrears at $60,001.38.
ORDERED that the order dated January 12, 2017, is affirmed, without costs or disbursements.
The parties, the parents of three children, executed a stipulation of settlement, which was incorporated but not merged into a judgment of divorce and provided that the father would pay a certain amount of child support. The mother subsequently filed an enforcement petition and the father filed a petition for a downward modification of his support obligation. In an order dated October 26, 2016, the Support Magistrate granted the father's petition, reducing his child support obligation. In a separate order, also dated October 26, 2016, the Support Magistrate granted the mother's petition for enforcement only to the extent of calculating arrears at $60,001.38. The mother filed objections to the Support Magistrate's orders, which were denied. The mother appeals from the order denying her objections.
To establish entitlement to a downward modification of a child support obligation, a party has the burden of showing that there has been "a substantial change in circumstances" (Family Ct Act § 451[3][a]; see Matter of Lagani v Li, 131 AD3d 1246, 1247). Here, the father demonstrated a substantial change of circumstances based on the fact that the mother was no longer incurring child care expenses for the children (see Matter of Scarduzio v Ryan, 86 AD3d 573). Thus, the Family Court properly denied the mother's objections to the Support Magistrate's order granting the father's petition for a downward modification of his child support obligation.
In light of our determination, the mother's contention that the calculation of child support arrears would have been higher had the Support Magistrate properly denied the father's modification petition has been rendered academic.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court