Murphy v Murphy (2018 NY Slip Op 08140)





Murphy v Murphy


2018 NY Slip Op 08140


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-03471
 (Index No. 25584/08)

[*1]Desmond Murphy, appellant, 
v
Hannah Murphy, respondent.


Mark F. Brancato, Huntington, NY, for appellant.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from stated portions of an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated February 23, 2015. The order, inter alia, upon, in effect, granting that branch of the plaintiff's cross motion which was for a downward modification of his child support obligation based on the emancipation of the parties' son, directed him to pay child support for the parties' daughter in the sum of $3,060 per month, and upon granting that branch of the defendant's motion which was to enforce the child support provisions of the parties' stipulation of settlement and judgment of divorce, directed the entry of a money judgment in favor of the defendant and against the plaintiff in the sum of $76,167.95 for child support arrears.
ORDERED that the order is modified, on the law, by deleting the provisions thereof directing the plaintiff to pay child support for the parties' daughter in the sum of $3,060 per month and directing the entry of a money judgment in favor of the defendant and against the plaintiff in the sum of $76,167.95 for child support arrears; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of the plaintiff's child support obligation in accordance herewith, and the entry of an appropriate money judgment thereafter for child support arrears.
The parties in this matrimonial action entered into a stipulation of settlement that was incorporated but not merged into their judgment of divorce. Pursuant to the stipulation, the plaintiff agreed to pay basic child support in the sum of $4,000 per month for the parties' two children. The defendant moved, inter alia, to enforce the child support provisions of the stipulation and the judgment. The plaintiff cross-moved, inter alia, for a downward modification of his child support obligation based on the emancipation of the parties' son and a change of circumstances with respect to the needs of their unemancipated daughter. The plaintiff further cross-moved to enforce a provision of the stipulation requiring the defendant to refinance a mortgage on certain property in Ireland.
The Supreme Court, inter alia, in effect, granted that branch of the plaintiff's cross motion which was for a downward modification of his child support obligation based on the emancipation of the parties' son, denied that branch of his cross motion which was for a downward modification of his child support obligation based on a change of circumstances with respect to the parties' daughter, and directed him to pay child support in the sum of $3,060 per month. In addition, the court denied that branch of the plaintiff's cross motion which was to enforce the provision of the stipulation requiring the defendant to refinance a mortgage on the Ireland property. The court [*2]granted that branch of the defendant's motion which was to enforce the child support provisions of the stipulation and the judgment, and directed the entry of a money judgment in favor of the defendant and against the plaintiff in the sum of $76,167.95, for child support arrears. The plaintiff appeals.
We agree with the Supreme Court's determination to deny that branch of the plaintiff's cross motion which was to enforce the provision of the stipulation requiring the defendant to refinance a mortgage on the Ireland property. The plaintiff's evidence, which included evidence that the Ireland property, which remained titled in the plaintiff's name, was in foreclosure, and that the house on the property had been destroyed in a fire, demonstrated that compliance with that provision of the stipulation could not be accomplished (cf. Xiao Yuan v Li Dan Zhang, 58 AD3d 723; see generally Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902).
Contrary to the plaintiff's contention, he did not demonstrate a substantial change of circumstances warranting a downward modification of his support obligation with respect to the parties' daughter (see Domestic Relations Law § 236[B][9][b][2]; Abizadeh v Abizadeh, 159 AD3d 857, 858). The plaintiff did not demonstrate that the needs of the parties' daughter had changed simply because she and the defendant did not reside at the Ireland property and, instead, resided elsewhere in that country. Further, the plaintiff's speculation that the parties' emancipated son might be contributing financially to the defendant's household does not demonstrate a substantial change of circumstances.
The Supreme Court did not err in determining that the plaintiff was not entitled to a credit against his basic child support arrears for payments in the total sum of $44,650 that he made directly to accounts held jointly by himself and the children. Although the plaintiff's affidavit contains a vague reference to making support payments to "different sources" at the defendant's direction, the plaintiff never specifically averred that the defendant directed him to make the subject payments totaling $44,650 directly to the children's accounts to satisfy his basic child support obligation. The failure to so aver was particularly significant given a provision in the stipulation requiring the plaintiff to make certain support payments, in addition to his basic child support obligation, for deposit in trust accounts for the children. Moreover, in opposition to the cross motion, the defendant specifically denied having directed the plaintiff to make basic child support payments directly to the children, and the defendant did not rebut that averment. Accordingly, to the extent that the payments totaling $44,650 were not made in connection with the stipulation provision requiring additional support payments to be held in trust for the children, they constituted voluntary payments made for the benefit of the children and not pursuant to the stipulation and the judgment (see Matter of Byrnes v Javino, 145 AD3d 718, 720; Matter of Gleason v Gleason, 247 AD2d 384, 386). In either case, the payments may not be credited against amounts due under the stipulation and the judgment for basic child support (see Matter of Byrnes v Javino, 145 AD3d at 720; Matter of Gleason v Gleason, 247 AD2d at 386).
However, in determining the plaintiff's child support obligation upon the emancipation of the parties' son, the Supreme Court erred in calculating the plaintiff's child support obligation for the parties' daughter. In determining a child support obligation, a court need not rely on a party's own account of his or her finances, but may, in the exercise of its discretion, impute income to a party based upon his or her past earnings and future earning capacity (see Matter of Lashlee v Lashlee, 145 AD3d 723; Matter of Bouie v Joseph, 91 AD3d 641, 642). Despite the Supreme Court's "considerable discretion," a "determination to impute income will be rejected where the amount imputed was not supported by the record" (Matter of Quashie v Wint, 148 AD3d 905, 907 [internal quotation marks omitted]). Here, the court imputed annual income to the plaintiff in the amount of $216,000. Although there was some evidence in the record that the plaintiff's income was higher than the income reflected on his tax returns, there was insufficient evidence of the plaintiff's past earnings and future earning capacity to support the amount of income imputed by the court (see id. at 907). Further, the court failed to consider whether, in light of the parties' agreement to deviate from the Child Support Standards Act (see Domestic Relations Law § 240[1-b]; hereinafter the CSSA), a return to the standards set forth in the CSSA was appropriate under the facts of this case (see Matter of Gravlin v Ruppert, 98 NY2d 1, 7). The court additionally failed, in [*3]calculating the support obligation pursuant to the CSSA, to set forth its reasons for applying a designated statutory percentage to combined parental income in excess of the statutory cap (see Gillman v Gillman, 139 AD3d 667, 669; McCoy v McCoy, 107 AD3d 857, 858).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a recalculation of the plaintiff's child support obligation for the parties' daughter, and the entry of an appropriate money judgment thereafter for child support arrears.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court