Matter of Jurgita C. v Manuel O. (2019 NY Slip Op 07007)





Matter of Jurgita C. v Manuel O.


2019 NY Slip Op 07007


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9941

[*1]In re Jurgita C., Petitioner-Respondent,
v
Manuel O., Respondent-Appellant.
Manuel O., Petitioner-Appellant,
v
Jurgita C., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Zeitlin & Zeitlin, P.C., Brooklyn (David Zeitlin of counsel), for respondent.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about March 27, 2018, which denied the father's objections to an order (Cheryl Weir-Reeves, Support Magistrate), dated August 2, 2017, after a hearing, dismissing the father's petition for a downward modification of child support and granted the mother's petition for an upward modification of child support as it related to childcare expenses, unanimously affirmed, without costs.
The Family Court properly determined that the mother established a substantial change in circumstances in that the child was no longer cared for by a relative and was enrolled in a daycare program, with additional care provided by a babysitter (see Matter of Scarduzio v Ryan, 86 AD3d 573, 574 [2d Dept 2011]). Contrary to the father's contention, the fact that the mother was able to cover the cost of childcare by herself did not absolve him from contributing to the financial support of his own child. The Family Court properly awarded reasonable childcare costs to the mother (Family Court Act § 413[1][c][4]).
With respect to the father's downward modification petition, a party seeking modification of an order of support has the burden of establishing the existence of a substantial change in circumstances (O'Brien v McCann, 249 AD2d 92 [1st Dept 1998]). While a loss of income may be sufficient to modify an order of support in some circumstances, the determination to reduce support "must be predicated on the [petitioner's] capacity to generate income, not his current economic status" (id. at 93). Here, the court found that the father lost his employment through no fault of his own, but also determined that the father failed to show that he made diligent efforts to secure employment commensurate with his education, skills, and experience. Although he demonstrated some effort in securing employment in the area of his experience, the father's testimony showed that he spent most of his time establishing and promoting himself as a motivational speaker and coach, and also spent four months abroad during the relevant period. The Family Court properly accorded deference to the Support Magistrate's credibility determinations and this Court will not disturb those findings (see Matter of Dunung v Singh, 135 AD3d 606 [1st Dept 2016]).
With respect to the father's contention that the Support Magistrate did not properly consider a prior order of support for a non-subject child, the father testified that he had not paid child support for that child in a year. Since there was evidence that the support was not "actually [*2]paid," the Family Court properly declined to deduct it from the father's income (see Matter of Commissioner of Social Servs. of City of N.Y. v Raymond S., 180 AD2d 510, 512 [1st Dept 1992]; Family Court Act § 413[1][b][5][vii][D]). The Family Court properly used the father's then most recent tax return to calculate his child support obligation (see Hughes v Hughes, 79 AD3d 473, 475 [1st Dept 2010]), lv denied 22 NY3d 948 [2013]).
The court properly found that the Support Magistrate's finding concerning the amount of the mother's income was properly based on evidence in the record, including her testimony and tax returns, which showed she only received a bonus one year and reported a loss with respect to a rental property.
The father's remaining arguments are not preserved for appellate review (see Robillard v Robbins, 78 NY2d 1105 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK