Matter of Shannon E. K. v Amir S. (2019 NY Slip Op 08923)





Matter of Shannon E. K. v Amir S.


2019 NY Slip Op 08923


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10538

[*1] In re Shannon E. K., Petitioner-Respondent,
v
Amir S., Respondent-Appellant.


Friedman & Friedman, PLLC, Garden City (Sari Friedman of counsel), for appellant.
Law Office of Wayne F. Crowe, Jr., P.C., Bronx (Wayne F. Crowe, Jr. of counsel), for respondent.



Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about March 13, 2019, which denied respondent father's objections to an order, same court (Cheryl Weir-Reeves, Support Magistrate), entered on or about April 10, 2018, which, after a hearing, found that respondent was in willful violation of a child support obligation, dismissed his petition for a downward modification of child support and granted petitioner mother's petition for an upward modification of support expenses, unanimously affirmed, without costs.
Since the father failed to raise the issue of termination of his travel credit in his written objections, that contention is unpreserved for appellate review (see Matter of Best v Hinds, 113 AD3d 676, 677 [2d Dept 2014]). We decline to review the issue, but as an alternative holding, find that pursuant to both Florida and New York law, the Support Magistrate properly terminated the travel credit to the father (Chapoteau v Chapoteau, 659 So2d 1381, 1384 [Fla 3d DCA 1995]; see Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1138 [3d Dept 2007], lv denied 12 NY3d 712 [2009]).
The Family Court also properly accorded deference to the Support Magistrate's credibility determinations, and the record supports the conclusion that the father consented to the child's enrollment in a private school by attending an interview and providing the mother with payments toward the child's tuition (Matter of Dunung v Singh, 135 AD3d 606 [1st Dept 2016]).
Although Family Court was required to apply Florida law with respect to the father's downward modification petition, the court's failure to do so was harmless error because application of Florida law or New York law produces the same outcome. Under Florida law, a party moving for modification of child support order has the burden of proving the following: (1) A substantial change in circumstances; (2) the change was not contemplated at the time of the final judgment of dissolution; and (3) the change is sufficient, material, involuntary, and permanent in nature (Wood v Wood, 162 So3d 133, 135 [Fla 1st DCA 2014], rehearing denied 2015 FLA App LEXIS 3320 [2015]). Moreover, "when the original child support amount is based on an agreement by the parties, there is a heavier burden on the party seeking a downward modification" (Maher v Macer, 96 So2d 1022, 1022 [Fla 4th DCA 2012]). An analysis under New York law yields an identical outcome because a party seeking modification of an order of support has the burden of establishing the existence of a substantial change in circumstances (O'Brien v McCann, 249 AD2d 92 [1st Dept 1998]). While a loss of income may be sufficient to modify an order of support in some circumstances, the determination to reduce support "must be based on the petitioner's capacity to generate income, not his current economic status" (id. at 93). Here, the court specifically found that the father failed to show that he lost his employment through no fault of his own and further failed to demonstrate diligent efforts to obtain employment commensurate with his qualifications and experience.
With respect to the mother's violation petition, it is clear that New York law applies (Family Ct Act 580-604[c] ["tribunal of this state shall apply the procedures and remedies of this [*2]state to enforce current support and collect arrears and interest due on a support order of another state or a foreign country registered in this state"]). The Family Court properly found that the father willfully failed to pay child support and arrears (see e.g. Nancy R. v Anthony B., 121 AD3d 555, 556 [1st Dept 2014]). Contrary to the father's assertions, the fact that he borrowed money twice from his family to satisfy the child support arrears does not negate the willfulness finding (see Matter of Sheaf v Sheaf, 162 AD3d 1152, 1155 [3d Dept 2018]). Based on his failure to substantiate his claims of inability to generate income vis à vis his employment experience and qualifications, and the court's specific finding that he lacked credibility on the subject, the court properly imputed income to him based on his past earnings and granted the upward modification of support expenses.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK