Matter of Hayward v Rodriguez (2020 NY Slip Op 00273)





Matter of Hayward v Rodriguez


2020 NY Slip Op 00273


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2019-02657 
2019-02658
 (Docket No. F-12473-14/18H)

[*1]In the Matter of Joseph Hayward III, respondent,
v
Tuere Rodriguez, appellant.


Tuere Rodriguez, Dix Hills, NY, appellant pro se.
Louis L. Sternberg, Huntington, NY, for respondent.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from (1) a decision of the Family Court, Suffolk County (Paul M. Hensley, J.), dated January 29, 2019, and (2) an order of the same court also dated January 29, 2019. The order, upon the decision, denied the mother's objections to an order of the same court (Meridith Lafler, S.M.) dated November 21, 2018, which, after a hearing, granted the father's petition for a downward modification of his child support obligations to the extent of directing him to pay the sum of $61.30 per week for the child's health insurance premiums, and his pro rata share of the reasonable child care expenses incurred by the mother.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated January 29, 2019, is affirmed, without costs or disbursements.
The parties have one child in common, born in July 2013. The mother has legal and physical custody of the child. In an order of support, on consent, dated January 19, 2017, the father agreed, inter alia, to pay a lump sum of $200 per week for child care expenses and the premiums for the child's health insurance. In 2018, the father filed a modification petition seeking to reduce his obligation to pay child care expenses based on the substantial change in circumstance that the child had enrolled in kindergarten and no longer required full-time daycare. Following a hearing, in an order dated November 21, 2018, the Support Magistrate granted the father's petition to the extent of directing him to pay the sum of $61.30 per week for the child's health insurance premiums, and his pro rata share of the reasonable child care expenses incurred by the mother. The mother filed objections to the Support Magistrate's order, which were denied by the Family Court. The mother appeals.
In order to establish his entitlement to a downward modification of his child support obligations, the father had the burden of demonstrating "a substantial change in circumstances" (Family Ct Act § 451[3][a]; see Bishop v Bishop, 170 AD3d 642, 644; Matter of Foster-Fisher v Foster-Fisher, 160 AD3d 951, 952). "A change in the expenses for the child may constitute such a change in circumstances" (Matter of Scarduzio v Ryan, 86 AD3d 573, 574; see Matter of [*2]Foster-Fisher v Foster-Fisher, 160 AD3d at 952). Pursuant to Family Court Act § 413(1)(c)(4), "[w]here the custodial parent is working, . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income."
Here, the Family Court's determination that the father demonstrated a substantial change in circumstances based on the child's enrollment in kindergarten and a significant decrease in child care expenses is supported by the record. In this regard, the parties stipulated at the hearing that the child was attending kindergarten and no longer required full-time daycare. Further, the mother's hearing testimony demonstrated that the father's pro rata share of the child's health insurance premiums and child care expenses actually incurred was substantially less than his obligation to pay the lump sum of $200 per week for these expenses, as set forth in the order of support dated January 19, 2017. Consequently, the father should only be required to pay his pro rata share of the child's health insurance premiums and reasonable child care expenses actually incurred by the mother (see Matter of Scarduzio v Ryan, 86 AD3d at 574).
The mother's contention that the Support Magistrate was biased against her is unpreserved for appellate review (see Matter of Esposito v Rosa, 172 AD3d 858, 858; Matter of Bowe v Bowe, 124 AD3d 645, 646). In any event, the record does not show that the Support Magistrate was biased against the mother and deprived her of a fair hearing (see Matter of Esposito v Rosa, 172 AD3d at 859; Matter of Bianco v Bruce-Ross, 107 AD3d 886, 887).
The mother's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination denying the mother's objections to the Support Magistrate's order.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court